The trial judge did not err in holding that the act approved February 9, 1949 (Ga. L. 1949, p. 403), was applicable to the defendant officers in commission at the time said act became effective; the provisions of art. 3, sec. 11, par. 1 of the Constitution of 1945 not applying to the Judge, Clerk, or Sheriff of the City Court of Savannah, whose salaries are paid entirely out of county funds.
 No. 16736. SEPTEMBER 12, 1949.
J. P. Houlihan and four other named persons, Commissioners of Chatham County, Georgia, and Ex-Officio Judges thereof, filed a petition in the superior court of that county, naming as defendants Alex R. MacDonell, Judge, Mose Portman, Clerk, and A. Ben Connor, Sheriff, of the City Court of Savannah, and Eugene Cook, Attorney-General of Georgia. The petition alleged substantially: A controversy has arisen as to the validity and constitutionality of an act of the General Assembly of Georgia approved February 9, 1949 (Ga. L. 1949, p. 403), fixing salaries of the officers of the City Court of Savannah named as defendants. "Petitioners believe in view of the fact that, because *Page 732 
a controversy has arisen as to whether or not petitioners are constitutionally authorized and directed to expend the taxpayers' money for the additional compensation set forth in said act, that a judicial determination of the constitutionality and validity of said act is necessary . . . Petitioners show that, in the best interest of justice and fairness to all persons concerned, this court should issue a declaratory judgment, declaring whether or not said act . . is a valid part of the statute law of Georgia, and within the purview of the Constitution." The substantial prayers were that a decree issue declaring and determining the "validity or invalidity, constitutionality or unconstitutionality," of the act referred to, and for general relief.
The defendants (other than the Attorney-General) filed a joint answer, asserting the validity of the act in question, and after several references to the history of the City Court of Savannah and acts of the legislature passed in regard to salaries of its officers, alleged: "Defendants further show that they are elected in the same manner as county officers being voted upon by the qualified voters of Chatham County, being residents of Chatham County as provided by law and being elected for a four-year term of office. That said court was established by a special or local legislative act, and that all amendments to the act creating said court have been by special or local acts. That the City Court of Savannah is a creation of the General Assembly and the judge, the sheriff, and the clerk thereof are statutory officers; and that they are county officers being paid out of the treasury of Chatham County to the exclusion of all State funds. That they are not constitutional officers, and that there is no constitutional prohibition which would prevent the General Assembly from enacting legislation affecting said court, its officers, or the compensation of your judge, the sheriff, or the clerk of said court."
After the filing of the answer, the court allowed an intervention by 25 persons as citizens and taxpayers of Chatham County, in which intervention the act of 1949, supra, was attacked as being violative of art. 3, see. 11, par. 1 of the Constitution of Georgia of 1945.
On the hearing of the case, the defendants introduced in evidence their answer, and the act involved. The following judgment *Page 733 
was rendered: "The foregoing matter coming on to be heard, on all issues submitted to the court, including the intervention filed, it is the judgment and order of the court: 1. That the act of the legislature of 1949, referred to in the pleadings, held to have been enacted under authority of the Constitution and laws of Georgia and is legal. 2. That the officers herein are entitled to the salaries fixed by said act of the legislature. 3. The court directs the County Commissioners of Chatham County, Georgia to make payment to them of such salaries in accordance with this order and judgment from the effective date of said act."
The plaintiffs excepted to said judgment, and "assign the same as error, upon the following grounds: in that the court erred in failing to render a judgment declaring" the act in question "to be unconstitutional and in violation of and in conflict with" art. 3, sec. 11, par. 1 "of the Constitution of Georgia of 1945, which reads as follows: . . `The General Assembly may, at any time, by a majority vote of both branches, prescribe other and different salaries for all the elective officers provided for in this Constitution, but no such change shall affect the officers then in commission.'"
The effect of the act approved February 9, 1949 (Ga. L. 1949, p. 403), is to increase the salaries of the Judge, Clerk, and Sheriff of the City Court of Savannah, and to provide that all of the salaries as fixed by the act shall be paid by the Commissioners of Chatham County out of the treasury of the county. The sole question for decision is whether these increases in salaries could lawfully be made effective by the board to the defendant officers who were in commission at the time the act became effective. Art. 3, sec. 11, par. 1 of the Constitution of 1945 (Code, Ann., § 2-2301) provides: "The General Assembly may, at any time, by a majority vote of both branches prescribe other and different salaries for all of the elective officers provided for in this Constitution, but no such change shall affect the officers then in commission." This question is controlled by the ruling of this court in Houlihan
v. *Page 734 Atkinson, ante, 720. It follows that the trial judge did not err in holding that said act was applicable to the defendant officers in commission at the time the act became effective.
Judgment affirmed. All the Justices concur.