DANIELS vs. TOWERS, principal keeper.

| 79 | 785 |
| 113 | 1132 |

| 79 | 785 |
| f114 | 66 |
| 114 | 67 |

1. After a judgment of conviction for felony has been affirmed by the Supreme Court on writ of error brought by the convict, the legality of his conviction cannot be drawn in question by a writ of *habeas corpus* sued out by him, or by another person in his behalf, save for want of jurisdiction appearing on the face of the record as brought from the court below to the Supreme Court. Such affirmance implies that he was tried by a court of competent jurisdiction legally constituted, and nothing to the contrary can be shown otherwise than by inspection of the record.

v 79-50

2. Any judge of the superior court of the State is competent to preside on the trial of any case, civil or criminal, in the superior court of any county.

November 1, 1887.

Judgments. Jurisdiction. Practice in Supreme Court. Practice in Superior Court. Before Judge MARSHALL J. CLARKE. Fulton Superior Court. March Term, 1887.

Reported in the decision.

WIMBISH & WALKER, for plaintiff in error.

CLIFFORD ANDERSON, attorney-general, by brief; C. D. HILL, solicitor-general, for the State.

BLECKLEY, Chief Justice.

The petition for *habeas corpus* was filed by the mother of George Daniels in behalf of her son. The substantial facts appearing upon the face of it are, that at the superior court held for Fulton county, at the September term, 1885, George Daniels was tried and convicted for the offence of burglary, and sentenced to the penitentiary. The judgment of conviction came to this court by writ of error sued out by him, and was affirmed. The trial took place before Judge Richard H. Clark, judge of the Stone Mountain circuit, and he as judge of that circuit, presiding, passed sentence upon the convict. The petition alleges, that while he was conducting this trial in the basement of the court-house, Judge Marshall J. Clarke, judge of the Atlanta circuit, was presiding in the superior court, with a jury regularly empanelled, in the trial of civil causes. The point is made that Judge Richard H. Clark, under these circumstances, had no power to proceed in a case of felony in the basement of the court-house, and that the jury serving with him was not a legal jury, inasmuch as there was another jury in the court-room above doing service in the presence of Judge Marshall J.

Clarke. It is not alleged that the superior court of Fulton county had no jurisdiction of this offence, but the allegation is that Judge Richard H. Clark had none.

1. The constitution of the State does not confer any jurisdiction over the trial of criminal cases upon the judge of any superior court; exclusive jurisdiction of all felonies is in the superior court. Section 5137, code. There is a broad distinction between the judge and the court. If a writ of error had come here founded upon jurisdiction exercised by Judge Clark merely as judge, it would have presented altogether a different matter for review to that which was reviewed at the prisoner's instance. The question was directly made in the case of Dunn *vs.* The State, 2 Arkansas, 229; and it appearing that the judge who presided, although a judge, was not presiding in the court, but at a special term appointed without authority of law, the appelate court ruled that the appeal could not be entertained, that the Supreme Court had no jurisdiction to review the decision of the judge made in such case, unless he was presiding in the court,—that it was the court and not the judge that had jurisdiction. A writ of error having been entertained as one to the superior court, it follows that there has been an adjudication, that the indictment for burglary was well tried by the superior court of Fulton county; that decision was the result of a writ of error brought by the convict himself, and we hold that he cannot be heard to controvert it upon a writ of *habeas corpus*, nor can any other person in his behalf.

In *McMillan vs. Nichols*, 62 *Ga.* 36, a distinction was taken between the judge and the court, and it was there held, that exception to the judge's competency to preside in a given case should be taken at the trial, and that a judgment rendered by him, whether competent or not to preside in the case, was not void, but was the judgment of the court and not of the judge, and if the court had jurisdiction, and the judge presiding exercised it, it was sufficient. See also *Small vs. The State*, 63 *Ga.* 386.

In Griffin's case, Chase's Decisions, 369, an attempt was made to call in question, upon a writ of *habeas corpus*, the competency of a judge in Virginia to be a judge and to preside in a court. Chief Justice Chase ruled that no such inquiry could be entered into; that upon a writ of *habeas corpus*, it would not be investigated whether a judge *de facto* who presided in the court was competent to preside or not.

To the same effect, we think, is the text of Wharton, in Wharton's Crim. Pleading and Prac. §§995, 996.

The general principle is as ruled in *Rice vs. Carey*, 4 *Ga.* 558, which was in relation to a bill of review, that after a final determination by a court of last resort upon writ of error, there can be no reconsideration to find out whether the judgment was erroneous or not. After a judgment of conviction for felony has been affirmed by the Supreme Court on writ of error brought by the convict, the legality of his conviction cannot be drawn in question by a writ of *habeas corpus*, sued out by him or by another person in his behalf, save for the want of jurisdiction appearing on the face of the record as brought from the court below to the Supreme Court. Such affirmance implies that he was tried by a court of competent jurisdiction, legally constituted, and nothing to the contrary can be shown otherwise than by inspection of the record.

It is not pretended that the record brought to this court on the conviction for burglary gave any intimation of the now alleged special grounds of incompetency, either as to judge or jury. If they existed, why were they not then disclosed and presented for direct adjudication?

2. It does appear, however, that Judge Clark, describing himself as judge of the Stone Mountain circuit, presiding, did preside and pronounce sentence. The sentence is copied and certified in the record, and that is all of the record of the trial for burglary that is presented by copy or transcript before us. The rest of the record in that case is merely represented by a recital of its substance.

We can·look at the general question, whether by law the judge of the Stone Mountain circuit has power to preside in the superior court of Fulton county.  As to the particular part of the court-house in which he presided, that seems to us of no consequence; because the code (§236) declares that the superior court shall be held at the court-house, if any; but whether in one story or another, or in one room or another, is not prescribed.  The constitution (code, §5136,) declares that a judge of·the superior court may act in other circuits when authorized by law.  The code, §§242, 243, recognizes every judge as having jurisdiction extending throughout the State.  These sections have been ruled upon in *Rutledge vs. Bullock*, 44 *Ga.* 23; *Small vs. The State*, 63 *Ga.* 386; and to some extent in *Harrison vs. Hall Safe and Lock Company*, 64 *Ga.* 558.

We do not think that this general law upon the subject needs any aid from the act of 1878–9, (acts 1878–9, p. 149–50,) or from the act of 1884–5, (acts 1884–5, 108,) the former providing for a dual superior court presided over in one section by one judge, and in another section by another judge; the latter of the two acts creating the Stone Mountain circuit and containing something special and express with reference to the powers of the judge of that circuit to preside in the Atlanta circuit.  We do not think that the general law, in order to uphold this judgment, needs any aid from either of these acts.  The former act was amended, after this trial and judgment, by the act of 1886; but as we do not invoke the original act, it is needless to consider anything about the effect of the amendment as a guide to construction.  We rest the case upon the general rule that, after a judge of the superior court has presided in any case in the superior court of any county, and the judgment rendered at the trial has been affirmed by this court, it is to be taken for all purposes that it was a legal trial and judgment, and cannot be questioned for anything but the want of jurisdiction ap·pearing upon the face of the proceedings as ruled upon

here. If there is more record below, and the plaintiff in error after conviction does not bring it up, it is his own misfortune. He had an opportunity to bring it up. He must abide the judgment upon the record which he brings here ; and if the judgment is legal according to that record, he must take the consequences. It will not do to allow him to bring up his case in sections, whether there is a trial of it by a court divided in sections or not; he must bring up his whole case as he expects to stand upon it for all time ; and if he does not do it, neither he nor his friends can repair the error afterwards. The error, if any, is in that omission, and not in the judgment of this court.

Any judge of the superior court is competent to preside in the trial of any case, civil or criminal, in the superior court of any county.

Judgment affirmed.