BUTTS COUNTY *et al. v.* JACKSON BANKING COMPANY *et al.*

HOLDEN, J. 1. The principles decided when this case was formerly before this court (129 *Ga.* 801, 60 S. E. 149) are controlling. The findings of fact by the auditor are not such as to differentiate it from those upon which that decision was predicated.

2. County authorities levying taxes must by order "specify the per cent. levied for each specific purpose," and taxes raised for any specific purpose must be used for such purpose, and none other. Civil Code (1910), § 516.

3. Where there is in the hands of the treasurer, at the end of the year, a fund raised by taxes levied for that year for a particular purpose, and the fund is insufficient to pay warrants duly drawn thereon to pay the legitimate current expenses of the county for that year, the fund does not after that year become a general fund, but must be used toward the payment of such warrants. Warrants entitled to participate equally in

the distribution of such fund in the custody of the court for distribution should be paid therefrom ratably, in such proportion as the amount of each bears to the amount of the fund in hand.

4. When, out of a fund raised by taxation for a specific purpose, all demands and indebtedness properly chargeable against that particular fund have been paid, or deducted, and there remains a surplus from such fund in the hands of the treasurer, the same then becomes a general fund, which may be lawfully applied to the payment of balances due on warrants drawn against other specific funds not sufficient for their payment, or to any other legitimate liability against the county. *Tate v. City of Elberton,* 136 Ga. 301 (71 S. E. 420); Field *v.* Stroube, 103 Ky. 114, 19 Ky. L. R. 1751 (44 S. W. 363); 11 Cyc. 510.

 *Judgment reversed. Beck, J., absent. The other Justices concur.*
        AUGUST 19, 1911.

Equitable petition. Before Judge Pendleton. Butts superior court. August term, 1910.

*J. B. Wall* and *Rosser & Brandon,* for plaintiffs in error.

*Y. A. Wright, E. M. Smith,* and *J. D. Kilpatrick,* contra.