HOULIHAN *et al.,* Commissioners, *v.* ATKINSON, Judge, *et al.*

No. 16735. SEPTEMBER 12, 1949.

724

*John J. Bouhan,* for plaintiffs.

*Eugene Cook, Attorney-General, M. H. Bernstein, Aaron Kravitch, Ernest Haar, O. H. Page, John M. Brennan, E. O. Hunter,* and *Albert L. Cobb,* for defendants.

HAWKINS, Justice. (After stating the foregoing facts.) 1. Questions made by the record in this case will be taken up and considered in the order in which they are raised. Under the pleadings of the plaintiffs, the answer of the defendant, and the intervention of the citizens and taxpayers, there are five principal questions of law presented, the first being whether the act of the General Assembly of 1949 (Ga. L. 1949, p. 406), and the ordinance adopted by the Commissioners of Chatham County in pursuance thereof, are in violation of article 3, section 11, paragraph 1 of the Constitution of 1945 (Code, Ann., § 2-2301), which provides: "The General Assembly may, at any time, by a majority vote of both branches prescribe other and different salaries for all of the elective officers provided for in this Constitution, but no such change shall affect the officers then in commission."

In order to arrive at a proper answer to this question, we think it necessary to give a little history of this provision of the Constitution. A somewhat similar provision, but one much more limited in its application, appeared in the Constitution of 1877 under the chapter dealing with the judiciary, and as a part of article 6, section 13, paragraph 2 (Code, § 2-4002), in the following language: "The General Assembly may, at any time, by a two-thirds vote of each branch, prescribe other and different salaries for any, or all, of the above officers, but no such change shall affect the officers then in commission." In *Thomas* v. *Mac-Neill*, 200 *Ga.* 418, 421 (37 S. E. 2d, 705), it is said that clearly this provision applied only to the officers named in paragraph 1 of the article and section of the Constitution there dealt with, and those officers were Justices of the Supreme Court, Judges of the Court of Appeals, Judges of the Superior Courts, the Attorney-General, and the Solicitors-General; and it was also held in that case: "The salaries of judges of the superior courts *payable out of the treasury of the State* were clearly protected from change as to judges then in commission. We think that an entirely different situation prevails under the constitutional provisions in so far as the supplemental sums payable from the county treasury were involved. Reading together paragraphs 1 and 2 of section 13 of article 6 of the Constitution of Georgia as they existed at the time of the present case, we think that the prohibition contained in paragraph 2, that no change should affect the judges of the superior court then in commission, related *only* to salaries paid to judges of the superior courts *out of the treasury of the State*." That this constitutional limitation as it then existed applied only to the salaries paid out of the State treasury to the officers named, and had no application to supplemental salaries paid under constitutional amendments from county funds, was also held in *Moseley* v. *Garrett*, 182 *Ga.* 810 (1) (187 S. E. 20). That this is a proper construction of article 3, section 11, paragraph 1 of the Constitution of 1945 is even more clearly apparent because of the difference between the old and the new constitutional provisions. In the first place, this limitation upon the right of the General Assembly to change salaries was taken out of its setting as a part of the article of the Constitution dealing with judicial officers, the Attorney-Gen-

eral and the Solicitors-General only, and placed at the end of article 3 of the Constitution of 1945 dealing with the legislative branch of the government, and instead of it applying only to the salaries of the officers above named, it is made to apply to "all of the elective officers provided for in this Constitution." None of the other elective officers provided for in this Constitution have their salaries supplemented from county funds as court expense, but their salaries are either fixed or prescribed by the Constitution or by the General Assembly, and are paid out of the treasury of the State. By thus enlarging the scope of the application of this provision of the former Constitution dealing with the judiciary, and making it apply to all of the elective officers provided for in the Constitution, it is manifest that it was intended to apply only to those salaries paid from the State treasury, and this provision of the Constitution has no application to supplemental salaries paid judges and Solicitors-General from county funds. We hold, therefore, that the act of the General Assembly and ordinance by the county commissioners here involved do not violate article 3, section 11, paragraph 1 of the Constitution of 1945.

2. The second question presented is: Does the act of 1949 violate article 6, section 12, paragraph 1 of the Constitution of 1945 (Code, Ann., § 2-4701)—which, after fixing the salaries to be paid out of the State treasury to the judges of the superior courts and the solicitors-general, further provides, "with the right of the General Assembly to authorize any county to supplement the salary of a judge of the Superior Court and Solicitor-General of the Judicial Circuit in which such county lies, out. of county funds"—as being directory and mandatory upon the Commissioners of Chatham County, rather than merely permissive and discretionary? We think that this question is best answered by the terms of the act itself, which provides: "Be it enacted by the General Assembly of Georgia by authority of Article VI, Section XII, Paragraph I (Code, Section 2-4701) of the Constitution of the State of Georgia, that the County Commissioners of Chatham County, Georgia, . . *are hereby authorized* to supplement the present salary of the Judge of the Superior Court of the Eastern Judicial Circuit of Georgia," in the sum specified, and "such supplemental salary *if so fixed* shall be paid to the incumbent Judge."

It thus clearly appears from the language used that the General Assembly undertook only to authorize, and not to require, county commissioners to supplement the salary, to the extent provided for in the act, and further provided that, "if so fixed," it should be paid to the incumbent judge. It is contended by counsel for the intervenors that the act here involved was mandatory as to the time when the payment of the supplement should become effective, because of the provisions of section 2 of the act, that "This act shall be effective, in all respects, on approval by the Governor." We cannot agree with this position. Section 2 of the act has reference only to the time when the act itself shall become effective or operative to grant to the commissioners the authority to provide the supplement, and not to the date when the commissioners shall exercise the authority thereby conferred, nor when payment shall be made of the supplement "if so fixed." Certainly this section of the act could not have the effect of fixing the time when the payment of the supplement would become effective, when the supplement itself had not been fixed. The act is, therefore, not violative of, but is in accord with, the provisions of the Constitution.

3. The third and fourth questions presented are, whether the constitutional amendment of 1927 (Ga. L. 1927, p. 111), providing for a supplement to the salary of the Judge of the Superior Court of the Eastern Judicial Circuit out of funds of Chatham County in the sum of $5000, in addition to the salary paid by the State, was repealed by the Constitution of 1945, or whether it remains of force; and if it remains of force, whether an additional supplement to the salary of the judge from county funds may be authorized by the General Assembly and put into effect by the county authorities. It is insisted in the pleadings and by counsel in their argument that the constitutional amendment of 1927 was repealed by the Constitution of 1945, and if not repealed, that it was continued of force merely as statutory law under article 12, section 1, paragraph 4 of the Constitution (Code, Ann., § 2-8004), which provides: "Local and private acts passed for the benefit of counties, cities, towns, corporations and private persons, not inconsistent with the Supreme Law, nor with this Constitution and which have not expired nor been repealed, shall have the force of Statute

Law, subject to judicial decision as to their validity when passed, and to any limitations imposed by their own terms."

It would seem to us clear that the provision of the Constitution just quoted has no application to the present case. The constitutional amendment of 1927 is neither a local nor a private act, nor was it passed for the benefit of any county, city, town, corporation, or private person. However, we are equally clear that the amendment of 1927 to the Constitution of 1877 was not repealed, but that it was specifically retained of force as a part of the present Constitution by article 7, section 10, paragraph 1 (Code, Ann., § 2-6301), which provides: "Amendments to the Constitution of the State of Georgia of 1877 in effect at the date of the ratification by the voters of the State, of this Constitution, shall continue of full force and effect after the ratification of this Constitution, where such amendments are of merely local, and not, general application, including the amendments pertaining to the Coastal Highway District of this State;" and also by the further clause of article 6, section 12, paragraph 1 (Code, Ann., § 2-4701), having particular application to the subject-matter covered by the amendment, "provided, however, where such salary is, at the time of the adoption of this Constitution, being supplemented out of county funds under existing laws, such laws shall remain in force until altered by the General Assembly." The constitutional amendment of 1927 is, therefore, a valid continuing pre-existing local amendment to the Constitution of 1877, and brought forward as a part of the Constitution of 1945. *Alexander* v. *Fulton County*, 201 *Ga.* 857 (41 S. E. 2d, 423). Being a part of the Constitution, it could not be repealed, changed, or modified, except by an amendment to the Constitution proposed and adopted as provided for by article 13, section 1, paragraph 1 (Code, Ann., § 2-8101) of the Constitution of 1945. However, it thus becomes a part of the Constitution of 1945, which specifically provides by article 6, section 12, paragraph 1 (Code, Ann., § 2-4701) that the General Assembly has the right "to authorize any county to supplement the salary of a Judge of the Superior Court and Solicitor-General of the Judicial Circuit in which such county lies out of county funds." Thus construing this constitutional provision as a whole and in connection with the constitutional amendment

of 1927, we are constrained to hold that what is meant is, that the salary of the Judge of the Superior Court of the Eastern Circuit shall be $6000, to be paid from the State treasury, $5000 to be paid under the constitutional amendment of 1927 from funds of Chatham County, and that the General Assembly has the right to authorize the county to further supplement the salary from county funds, just as was done by the act of 1949 and the ordinance of the county now in question. That such is the meaning of the Constitution of 1945, is clearly apparent from the latter part of article 6, section 12, paragraph 1, where it is provided that the board of commissioners or other authority having charge of the fiscal affairs of Richmond County shall *without further legislative action* continue to supplement from said county's treasury the salary of the Judge of the Superior Court of the Circuit of which the said County of Richmond is a part, by the sum of $2000 per annum, which shall be in addition to the amount received by said judge out of the State treasury, which payment shall be made to the judge now in office during his present or subsequent term as well as to his successor, *"with the authority in the General Assembly to increase such salary from the county treasury as above provided."* That this was the intention of the framers of the Constitution is also disclosed by the discussion of the constitutional provision now under consideration by the members of the Constitutional Commission, appearing in volume 2 of the Records of Constitutional Commission, 1943-44, on pages 12, 13, 327, 328. Thus, while the valid continuing pre-existing local amendment of 1927 to the Constitution of 1877, brought forward as a part of the Constitution of 1945, could not be altered or repealed by a legislative act of the General Assembly, there is a specific right granted to the General Assembly by article 6, section 12, paragraph 1, to authorize by legislative act counties which are already supplementing the salaries of judges under previous constitutional amendments to further supplement salaries of judges as therein provided, and there is also specifically granted to the General Assembly the right by legislative act to authorize counties which have not heretofore supplemented salaries of such officers from county funds to do so without the necessity of having to secure a constitutional amendment each time this is desired. This

right and power the General Assembly did not possess prior to the authority conferred upon it by the Constitution of 1945, just referred to. *Clark* v. *Hammond*, 134 *Ga.* 792 (68 S. E. 600).

4. It is further insisted that the act of 1949 (Ga. L. 1949, p. 406), is violative of article 3, section 7, paragraph 8 of the Constitution (Code, Ann., § 2-1908), because the body of the act contains matter different from what is expressed in the title thereof. It is insisted: that the title of the act declared it to be "An Act providing for a salary of one thousand ($1000.00) dollars per year to be paid to the Judge of the Superior Court of the Eastern Judicial Circuit of Georgia by the Commissioners of Chatham County, in addition to that now provided for by the Constitution of the State"; and that, since the 1927 amendment to the Constitution has now been repealed and is no longer a part of the State Constitution, or at most is a mere statute, the salary now paid to the judge under the provisions thereof constitutes no part of his salary now provided for by the Constitution of the State, and that the title to the act could have meant only that the sum of $1000 was to be paid out of county funds, in addition to the $6000 provided for by the Constitution of the State to be paid out of the State treasury; that the title of the act provides for a total salary of $7000 to be paid to the judge, consisting of the salary of $6000 paid from the State treasury and $1000 to be paid from the county funds; that the title of the act did not refer to or embrace the $5000 payable from the funds of Chatham County under the constitutional amendment of 1927, whereas the body of the act did, and provides that the $1000 supplement shall be in addition to the salary of $6000 paid from the State treasury and the $5000 paid by Chatham County under the constitutional amendment of 1927.

This contention is without merit, for we have already held that the constitutional amendment of 1927 was not repealed by the Constitution of 1945, nor was it reduced to merely statutory law; but that it is a valid continuing pre-existing local amendment to the Constitution of 1877, and brought forward as a part of the Constitution of 1945. Therefore, the $5000 provided for by this amendment became a part of the salary of the judge provided for by the Constitution of the State, but was to be paid

from county funds, and the $6000 provided for under article 6, section 12, paragraph 1 is also a part of the salary of the judge provided for by the Constitution of the State, but to be paid from the State treasury. The body of the act, therefore, did not contain matter different from what was expressed in the title. The expression in the title of the act, "in addition to that now provided for by the Constitution of the State," included both the $6000 and the $5000, since both sums constituted a part of the salary provided for by the Constitution of the State, although payable from different funds. The act of 1949 (Ga. L. 1949, p. 406), and the ordinance passed by the County Commissioners by virtue of the authority thereby granted, are not invalid for any reason assigned, and the trial court did not err in rendering the judgment complained of.

*Judgment affirmed. All the Justices concur.*