20131.  BARNETT, Sheriff *v.* BOLING *et al.,* Commissioners.

HAWKINS, Justice.  1.  The act (Ga. L. 1958, p. 2362), abolishing the fee system and placing the Sheriff of Forsyth County on a salary, is not violative of art. 3, sec. 11, par. 1 of the Constitution as amended in 1956 (Code, Ann., § 2-2301), since that provision of the Constitution refers only to salaries set forth in the Constitution, and does not refer to county officers, who, under art. 11, sec. 2, par. 2 of the Constitution (Code, Ann., § 2-7902), "may be on a fee basis, salary basis, or fee basis supplemented by salary, in such manner as may be directed by law," which may be changed by the General Assembly to apply to county officers then in commission.  *Houlihan* v. *Saussy,* 206 *Ga.* 1, 5 (55 S. E. 2d 557) ; *Dixon* v. *Hulgan,* 206 *Ga.* 8 (55 S. E. 2d 704) ; *Houlihan* v. *MacDonell,* 205 *Ga.* 731 (55 S. E. 2d 241) ; *Houlihan* v. *Atkinson,* 205 *Ga.* 720 (55 S. E. 2d 233) ; *Laurens County* v. *Keen,* 214 *Ga.* 32, 39 (102 S. E. 2d 697).

2.  The act (Ga. L. 1958, p. 2362), in providing that "All fees, costs, percentages, forfeitures, penalties, allowances, and all other perquisites of whatever kind, as are *now or* may *hereafter* be *allowed by law to be received or collected* as compensation for service" *by the Sheriff* of Forsyth County (italics ours) "shall be received and diligently collected by" him "for the sole use of Forsyth County," does not enlarge upon the duties of the sheriff as defined by Code § 24-2813, nor does it transfer any of the duties of the solicitor-general, as set out in Code § 24-2908 (7), to the sheriff, and therefore is not violative of art. 1, sec. 4, par. 1 of the Constitution (Code, Ann., § 2-401).

3.  Section 2 of the act (Ga. L. 1958, p. 2362), in providing that the Sheriff of Forsyth County shall employ one chief deputy, does not require that he shall be a full-time employee, does not fix the compensation of such deputy, nor is there any penalty provided if the sheriff does not see fit to comply with this provision of the act; and in construing the act as a whole, it does not attempt to repeal Code § 24-2811, providing that sheriffs are authorized in their discretion to appoint one or more deputies; and is not violative of art. 1, sec. 4, par. 1 of the Constitution (Code, Ann., § 2-401) for the reasons alleged. *Botts* v. *Southeastern Pipe Line Co.,* 190 *Ga.* 689, 700 (10 S. E. 2d 375) ; *Drost* v. *Robinson,* 194 *Ga.* 703, 710 (3) (22 S. E.

2d 475). The wisdom, policy, or expediency of such legislation, and whether the compensation fixed by the act is adequate, are questions for decision by the legislative branch of the government, with which this court has nothing to do. *Franklin* v. *Harper*, 205 *Ga.* 779, 792 (55 S. E. 2d 221); *Lipscomb* v. *City of Cumming*, 211 *Ga.* 55, 56 (2) (84 S. E. 2d 3).

4. Since there is no exception to the ruling of the trial judge that, under the act (Ga. L. 1958, p. 2362), the Sheriff of Forsyth County is not required to turn over to the Clerk of the Board of Commissioners of Roads and Revenues "One-third of the remainder" he receives for "making the seizure and furnishing the proof" of contraband articles under Code (Ann.) § 58-207—thus holding that the act here attacked is not dealing with the subject matter of the general law referred to—it is not violative of art. 1, sec. 4, par. 1 of the Constitution (Code, Ann., § 2-401), which provides that no special law shall be enacted in any case for which provision has been made by an existing general law.

5. The trial judge did not err in rendering the judgment complained of for any reason assigned.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 14, 1958—DECIDED SEPTEMBER 5, 1958—
REHEARING DENIED OCTOBER 10, 1958.

*Stow & Andrews, Frank B. Stow, Robt. E. Andrews,* for plaintiff in error.

*Jess H. Watson,* contra.