### 39814.   OCONEE COUNTY v. ROWLAND.

DECIDED DECEMBER 5, 1962.

*Robert N. Nicholson, Joseph J. Gaines,* for plaintiff in error.
*E. R. Lambert, Jr., Rupert A. Brown,* contra.

HALL, Judge. In 1958, the General Assembly amended *Code Ann.* § 114-101 of the Workmen's Compensation Act, defining "employers", so as to include in that definition the words "each county within the State." Ga. Laws 1958, p. 183. The claim in

this case was filed against Oconee County rather than the Oconee County Board of Education, and the award is based upon the premise that employees of the Oconee County Board of Education are subject to the Workmen's Compensation Act. Since no question was raised before the board or on appeal concerning this procedure, we assume for the purpose of this opinion that employees of the Oconee County Board of Education are covered by the Workmen's Compensation Act, and that the proper party upon whom a claim is to be filed is Oconee County rather than the Oconee County Board of Education.[1] The sole question before us is whether or not there is any evidence to support the finding of the board that the claimant was an employee of the Oconee County Board of Education.

"Each county, exclusive of any independent school system now in existence in a county, shall compose one school district and shall be confined to the control and management of a County Board of Education." Constitution of the State of Georgia of 1945, Art. VIII, Sec. V, Par. I (*Code Ann.* § 2-6801); *Code* § 32-901; *Code Ann.* § 32-1101. The Supreme Court "has repeatedly held that the law vests full power and authority for the operation of schools in the county boards of education." *Downer v. Stevens,* 194 Ga. 598, 603 (22 SE2d 139). In the management and control of the public schools of the county, the board of education has "wide discretionary powers." *Keever v. Board of Ed. of Gwinnett County,* 188 Ga. 299 (1) (3 SE2d

---

[1]For a legislative and judicial history of counties and the Workmen's Compensation Act see *Fortson v. Clarke County,* 97 Ga. App. 410 (103 SE2d 597). A county board of education is the agency through which a county acts in school matters; however, educational funds cannot be expended under the Constitution for workmen's compensation purposes. *Murphy v. Constitution Indem. Co.,* 172 Ga. 378, 379 (157 SE 471). Counties are now specifically authorized by the Constitution (*Code Ann.* § 2-5701) and statute (§ 92-3701) to levy and collect taxes for the purpose of providing for workmen's compensation. As to the principle that the express powers of a county to levy taxes must be used for prescribed purposes and none other, see *Butts County v. Jackson Banking Co.,* 136 Ga. 719 (2) (71 SE 1065); *Code Ann.* §§ 32-942 and 92-3707.

886). Specific authority is given as to the repair of school-houses. *Code Ann.* § 32-909. Contracts for employment made by a school board and its employees are generally governed by the ordinary rules of contract law, except as restricted by Constitution or statute.[2] 78 CJS 956, § 148; 47 Am. Jur. 377, § 115.

The evidence in this case was sufficient to show that the school principal was an agent of the County Board of Education with authority to make minor repairs for the upkeep of the school building. "The agent's authority shall be construed to include all necessary and usual means for effectually executing it." *Code* § 4-301. The authority to make minor repairs necessarily included the authority to employ others to do the work. The principal employed the claimant to do minor repair work. In so doing the principal was acting within the scope of his authority for the County Board of Education. *Martin & Hicks v. Bridges & Jelks Co.*, 18 Ga. App. 24 (88 SE 747); 3 Am. Jur. 2d 472, § 71, 489, § 86; 2 CJS 1227, § 99; 1243, § 103. The evidence thus authorized a finding that the claimant was an employee of the county board of education.

We do not agree with the county's argument that the fact that the claimant was paid from the Watkinsville School Fund, which the principal controlled, rather than from tax funds of the board of education establishes that the claimant was not an employee of the county board of education. Ga. L. 1959, p. 159 (*Code Ann.* § 32-820 et seq.), requires school principals to execute a bond payable to the local board of education, conditioned upon faithful and true accounting for all public and other funds coming into their custody, control, care or possession, and to make quarterly reports to the local board of education of all receipts and expenditures of such funds, and to keep books, records and accounts in good auditable order at all times and make them available to the local board of education. Hence, the Watkinsville School Fund was under the control of the county board of education.

Nor is there any merit in the county's contention that the

[2]For such a restriction see Ga. L. 1949, p. 1406, as amended by Ga. L. 1956, p. 312 (*Code Ann.* § 32-604), regarding contracts for professional personnel.

evidence shows that claimant was an independent contractor. The evidence on this point before the director clearly authorized a finding that the employment relationship was that of master and servant. *Federated Mutual Hdw. Ins. Co. v. Elliott,* 88 Ga. App. 266 (76 SE2d 568) ; *Cash v. American Surety Co.,* 101 Ga. App. 379 (114 SE2d 57).

We do not consider the contention made by the county in its brief, that the claimant did not carry his burden of establishing a basis for figuring his compensation, since the record reveals that at the hearing counsel stipulated $50 as claimant's average weekly wages 13 weeks preceding the date of the accident.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*