41841. STATE DEPARTMENT OF FAMILY & CHILDREN'S SERVICES v. LASSITER et al.

FRANKUM, Judge.  This is a workmen's compensation case. Claimant was employed in the Fulton County Department of Family and Children's Services engaged in, among other things, keeping records of those persons eligible and receiving benefits under a State "medical vendor payments" program. She sustained two compensable injuries which ultimately resulted in permanent and total disability.  She filed her claim against the Fulton County Department of Family and Children's Services, and prior to the hearing thereon the State Department of Family and Children's Services was duly made a party to the proceedings.  The deputy director, after hearing evidence, entered an award against the Fulton County Department of Family and Children's Services.  That award was affirmed by the full board, and on appeal to the superior court was reversed, the court holding that the claimant was, as a matter of law, an employee of the State Department of

Family and Children's Services, and that the award should be entered against that department rather than the Fulton County department. This is an appeal from that order.

As aptly stated by counsel for appellant, this case does not involve any question as to whether the claimant was in the service of Fulton County, but involves only the question of whether she was in the employ of the Fulton County Department of Family and Children's Services or in the employ of the State Department of Family and Children's Services. This issue is controlled adversely to the contentions of the appellant by the cases of *MacNeill v. Wood*, 198 Ga. 150 (31 SE2d 14), and *Schaefer v. Clark*, 112 Ga. App. 806 (146 SE2d 318). The *MacNeill* case dealt with employees of the Fulton County Department of Public Welfare, which was, of course, the predecessor to the present Department of Family and Children's Services, and, while the published opinion in the *Schaefer* case does not show it, the record in that case does show that it dealt with an employee of the very same Fulton County Department of Family and Children's Services with which we are now concerned. In the *MacNeill* case the employees involved were held not to be employees of Fulton County, and, in effect, that the Fulton County Department of Public Welfare was merely an instrumentality of the State department, and that the employees of the county department were employees of the State department. Nothing in the subsequent constitutional amendment authorizing employees of the Fulton County Department of Public Welfare to participate in the Fulton County employees' pension and retirement plan or in the enabling Act passed by the legislature pursuant thereto (Ga. L. 1949, p. 850 et seq.), in any way altered the status of employees of the Fulton County Department of Public Welfare, held in that case to be employees of the State Department of Public Welfare. In the *Schaefer* case the director, who is the titular head of the present appellant, and the court apparently recognized without question that the Fulton County Department of Family and Children's Services was an agency of the State Department of Family and Children's Services, and that one designated as an employee of the Fulton County department could, as an employee of the State, be discharged by the State Director under State merit system procedures. The trial

464

court did not err in ordering the State Department of Family and Children's Services to pay compensation.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*

ARGUED MARCH 7, 1966—DECIDED APRIL 5, 1966.

*Arthur K. Bolton,* Attorney General, *George J. Hearn, III,* Assistant Attorney General, *Gerald H. Cohen,* for appellant.

*Harold Sheats, Martin H. Peabody, Ronald L. Reid,* for appellee.