## A06A1627. FREEMAN v. BARNES et al.
(640 SE2d 611)

BARNES, Judge.

On March 11, 2005, Judge Rowland Barnes was murdered while on the job in his Fulton County Superior Court courtroom. Barnes's widow sued Fulton County Sheriff Myron Freeman and eight deputy sheriffs in her capacity individually as the judge's surviving spouse, on behalf of his children, and as executrix of his estate. She sought damages based on "gross negligence and conscious indifference amounting to wilful and wanton misconduct" by Freeman and the failure of all defendants in carrying out ministerial duties. Freeman answered, then moved to stay the proceedings and dismiss the complaint on the grounds that he and Judge Barnes were co-employees of Fulton County and of the State, and thus the exclusive remedy provision of the Workers' Compensation Act barred this action.[1]

The trial court stayed the proceedings except for limited discovery on this issue, and Barnes subsequently moved for a partial summary judgment on Freeman's defense that the suit is barred by the Workers' Compensation Act. After a hearing, the trial court denied Freeman's motion and granted Barnes's motion, noting that both parties conceded that the sheriff was an employee of the county, and that the judge was an employee of the State, disputing only whether the judge was also an employee of the county and whether the sheriff was also an employee of the State. The State did not controvert Barnes's claim for workers' compensation benefits and is currently paying her survivor's benefits, administered through the Department of Administrative Services.

At the motions hearing, the trial court acknowledged the existence of two attorney general opinions concluding that state officers, and specifically superior court judges, were not employees of the State for workers' compensation purposes, and asked the sheriff's counsel his position with regard to those opinions. Defense counsel responded,

> If you look at that opinion I think it was Attorney General [Arthur] Bolton. . . . It was long before the new workers' comp law was passed. It was long before any of the local legislation was passed. Long before — it's an old old opinion. What the new statute says, 34-9-11, provides that a person can be an employee even as an elected official as long as the county takes the steps to do so, has to pass a resolution. . . . And

---

[1] The motion to dismiss also alleged that sovereign immunity bars the suit, but that issue has not been addressed and is not before us.

you're right. That opinion does exist and it predates all the law. . . . And so the opinion by definition I believe has been overwritten by the statute.

Freeman appealed to this court[2] the trial court's order holding that Judge Barnes was "an employee only of the State and that [Freeman] was an employee only of the county, for workers' compensation purposes." For the reasons that follow, we affirm the trial court.

Freeman enumerates four errors on appeal, contending the trial court erred by holding (1) that Judge Barnes was only an employee of the State rather than also a county employee; (2) that Freeman was only an employee of Fulton County; (3) that absent specific legislative authority, Fulton County could not provide workers' compensation coverage to superior court judges; and (4) that even if the sheriff and judge were co-employees, the exclusive remedy provision of the Workers' Compensation Act would not apply because the sheriff owed a fiduciary or unique duty to protect the judge.

On appeal we review the trial court's grant of summary judgment de novo to determine whether the evidence, viewed in the light most favorable to the nonmoving party, demonstrates a genuine issue of material fact. Summary judgment is proper only when no issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Preferred Real Estate Equities v. Housing Systems*, 248 Ga. App. 745 (548 SE2d 646) (2001).

Under OCGA § 34-9-11 (a), the Georgia Workers' Compensation Act is the exclusive remedy for injuries sustained by an employee during the course of employment resulting from the negligence of a co-worker. *Wall v. Phillips*, 210 Ga. App. 490, 491 (436 SE2d 517) (1993). Thus, if the judge and sheriff are co-employees of either the State and county, this suit is barred.

Both parties agree that Judge Barnes was a State employee, and therefore we will assume, without deciding, that this is so.

1. Freeman contends that the trial court erred in finding that Judge Barnes was not an employee of Fulton County in addition to being an employee of the State, asserting that sufficient evidence showed that he was a Fulton County employee. For example, the judge, along with all of the other Fulton County superior court judges, was listed as a covered employee on a Workers' Compensation Report that the county, which is self-insured, filed with the State. The judge received a salary from the county (supplemental to his state salary),

---

[2] "An order granting summary judgment on any issue or as to any party shall be subject to review by appeal." OCGA § 9-11-56 (h).

and participated in the county's retirement plan, pension plan, and group life insurance. The county issued an employee number and identification card to him. The county personnel director thought the judge was both a state employee and a county employee, and the county workers' compensation supervisor assumed the judge was an employee because he was listed in her computer as an employee. Fulton County paid the funeral bill on its own initiative, and notified Barnes that she would be entitled to weekly survivor's benefits once she submitted the required documentation, which she never did.

On the other hand, as the trial court found, the judge was not a county employee just because the county alleged he was entitled to workers' compensation benefits, or because it paid benefits in the form of funeral expenses. The evidence shows that Fulton County paid the funeral expenses after its workers' compensation administrator visited Barnes at the hospital the day of the shooting, asked her which funeral home her late husband would be taken to, and advised her that the county would pay up to $7,500 in funeral costs. While Barnes identified the funeral home and did not question the administrator further at that time regarding the payment, we think that this action undertaken at this time does not constitute "acceptance" of workers' compensation benefits as contemplated by the statute. Further, the funeral home subsequently returned the funds to the county after the State paid the bill under its workers' compensation coverage. "[A]n employer in a situation where coverage is questionable should not be able to voluntarily assume liability for the limited benefits of the Workers' Compensation Act and thereby avoid the potentially greater liability of a common-law action." *Collins v. Grafton, Inc.*, 263 Ga. 441, 444 (3) (435 SE2d 37) (1993).

Additionally, superior court judges are vested by the Georgia constitution with the judicial power of the State, Ga. Const. Art. VI, Sec. I, Par. I, and are defined as "state officials" for compensation purposes. OCGA § 45-7-4 (a) (20). That Code section also notes that "Each superior court judge shall also receive any supplement paid to such judge by the county or counties of such judge's judicial circuit as may be provided for by law." Our constitution provides that the State is divided into judicial circuits set by the General Assembly. Ga. Const. Art. VI, Sec. I, Par. VI. A circuit may consist of more than one county, and each circuit elects its own superior court judges. OCGA § 15-6-4.1. The constitution also directs superior courts to hold court at least twice each year in each county. Ga. Const. Art. VI, Sec. I, Pars. VI, VII; see OCGA § 15-6-3. If the General Assembly moves a county from one judicial circuit to another, a superior court judge residing in that county but representing the first circuit is not affected. OCGA § 15-6-7.

While the Atlanta Circuit includes only Fulton County, the Alapaha Circuit, for example, includes five counties: Atkinson, Berrien, Clinch, Cook, and Lanier. See OCGA § 15-6-3 (1). It would be illogical to find that a superior court judge for the Alapaha Circuit is also an employee of each of these five counties. Further, a chief superior court judge's law assistant and the court administrator for the circuit are paid from state funds appropriated for the operation of the superior court. OCGA §§ 15-6-27; 15-6-28.

A superior court judge's jurisdiction "is coextensive with the limits of this [S]tate," and a superior court judge "may act in circuits other than their own when authorized by law." OCGA § 15-6-12 (a). "The code . . . recognizes every judge as having jurisdiction extending throughout the State." *Daniels v. Towers*, 79 Ga. 785, 789 (7 SE 120) (1887). Superior court judges may sit by designation on the Supreme Court of Georgia, and senior superior court judges may sit on the Court of Appeals of Georgia. OCGA §§ 15-2-2; 15-3-1 (g). The salary of superior court judges cannot be changed during their term of office, although their county supplement may be. *Houlihan v. Atkinson*, 205 Ga. 720, 729 (3) (55 SE2d 233) (1949). A county's contribution to a superior court judge's salary does not establish that the county is the judge's employer. See *State Dept. of Revenue v. McCray*, 101 Ga. App. 348, 350 (2) (114 SE2d 64) (1960) (when salary paid by both State Revenue Department and liquor distributor, "employer" is distributor who controlled time, manner, and method of work).

Finally, Fulton County superior court judges are authorized to participate in the county's pension plan by virtue of local legislation which specifically authorized the county to make these benefits available to "[a]ll state, state and county or county officers, deputies and employees, and the deputies of such officers and Court employees whose salaries or wages are paid in whole or in part by the Treasurer of Fulton County or out of funds of Fulton County." Ga. L. 1947, pp. 1749-1751; Ga. L. 1986, p. 4039. This court has held that participation in a county pension and retirement plan does not necessarily make the participant an employee of the county. *State Dept. of Family &c. Svcs. v. Lassiter*, 113 Ga. App. 462, 463 (148 SE2d 453) (1966). While "elected county officers" such as the sheriff are defined in OCGA § 34-9-1 (2) as employees entitled to workers' compensation coverage if provided for by the county's governing authority, no similar legislation authorizes the county to pay workers' compensation benefits to state officers whose wages are paid in part by Fulton County, which will be further discussed in Division 3.

Both parties argue the extent of county and state "control" over superior court judges, Barnes arguing that the State has control through the Judicial Qualifications Commission and the Supreme Court and Freeman arguing that county voters have control because

they can vote a judge out of office. These arguments are not persuasive either way. The office of superior court judge is different from the role of most employees, in which consideration of control and direction of time, place, and manner of employment determines whether someone is an employee or not, because superior court judges have no direct superior to whom they are accountable, and their decisions are guided by the principles of law rather than the rules of an employer. Thus, consideration of who "controls" superior court judges is not particularly helpful to our analysis.

The argument in the sheriff's reply brief regarding the Fulton County Civil Service was not raised below and will not be considered for the first time on appeal. *Crouch v. Federated Mut. Ins. Co.*, 257 Ga. App. 604, 608 (d) (571 SE2d 574) (2002).

For these reasons, the trial court did not err in concluding that Judge Barnes was not a Fulton County employee as well as a state employee.

2. Freeman next argues that the trial court erred in finding that he was only an employee of Fulton County, rather than both a county and a state employee. He contends that he may also be considered an employee of the State for certain purposes, because the State alone has the authority to delegate duties to the sheriff and only the governor has the power to review and discipline a sheriff's performance. Examining the constitutional and statutory provisions relating to the office of sheriff, however, supports the conclusion that he is not a state official, but a county official.

Sheriffs are defined as county officers in Ga. Const. Art. IX, Sec. I, Par. III, under Article IX which is titled, "Counties and Municipal Corporations," not as executive officers of the State, which are specifically named in Ga. Const. 1983, Art. V, Sec. III, Par. III and do not include sheriffs. *Houlihan v. Saussy*, 206 Ga. 1, 5 (55 SE2d 557) (1949). The salaries of sheriffs, who are county officers, can be changed, as previously noted, but the salaries of superior court judges, who are constitutional state officers, cannot. Sheriffs' salaries can be changed because

> [t]he compensation of county officers is not provided for in the Constitution, and the State makes no contribution thereto. The county officers . . . are paid solely and exclusively from funds out of the treasury of the county.

Id.

When the sheriff of Forsyth County contended that local legislation changing his compensation from a fee system to a salary violated the constitutional prohibition against changing the salary of an elected official during his term, the Supreme Court of Georgia held

that the prohibition applied only to state officials, not county officials and the sheriff was a county official. *Barnett v. Boling,* 214 Ga. 401 (1) (105 SE2d 312) (1958). The court repeated that sheriffs are county officers in a later case that challenged local legislation authorizing the hiring of deputy sheriffs. *Warren v. Walton,* 231 Ga. 495, 499 (1) (202 SE2d 405) (1973).

Further,

> as a county officer, the sheriff's budget and accounts are subject to the authority of the county commission, which can amend or change estimates of required expenditures presented by the county officer. The county commission has the power to cut the budget of an elected constitutional county officer,

subject to judicial review for abuse of discretion. (Citations omitted.) *Bd. of Commrs. of Dougherty County v. Saba,* 278 Ga. 176, 177 (1) (598 SE2d 437) (2004).

Freeman argues that we must find he was also a state employee based on the holding in *Brown v. Dorsey,* 276 Ga. App. 851 (625 SE2d 16) (2005), in which this court affirmed the trial court's dismissal of an action under 42 USC § 1983 against a county for a sheriff's commission of murder. We found persuasive two Eleventh Circuit cases deciding whether a sheriff was acting for the county or for the state, and held that "the Constitution has made the sheriff independent from the County, notwithstanding the designation of the sheriff as a 'county officer.' " Id. at 856 (1); see *Manders v. Lee,* 338 F3d 1304 (11th Cir. 2003); *Grech v. Clayton County, Georgia,* 335 F3d 1326 (11th Cir. 2003). Those cases, however, involve the county's liability under § 1983 for the sheriff's actions, and thus the holdings do not address the issues in this case, including whether the sheriff is an employee of the county for workers' compensation purposes.

3. Freeman argues that the trial court erred in finding that, absent specific legislative authority, Fulton County could not provide workers' compensation coverage to superior court judges. Reviewing the history of the interplay between the Georgia constitution and workers' compensation legislation reveals that this enumeration is meritless.

Georgia counties formerly were not allowed to provide workers' compensation benefits to anyone. In 1920, the General Assembly enacted legislation requiring counties to pay for the personal injury or death of their employees, but the Supreme Court of Georgia held the act was unconstitutional because "the Constitution did not authorize the legislature to delegate to counties the right to levy taxes to pay workmen's compensation to their employees." *Commrs. of*

*Roads &c. v. Davis*, 213 Ga. 792, 793 (1) (102 SE2d 180) (1958). Amending the act to define "employer" as "the State of Georgia and all departments thereof" did not make the act constitutional. *Kelley v. County of Newton*, 198 Ga. 483, 485 (2) (32 SE2d 99) (1944). The constitution was amended in 1945 to provide that the legislature could delegate to the counties the authority to levy taxes to pay workers' compensation benefits to employees, and the legislature subsequently re-enacted the relevant portion of the act. *Commrs. of Roads &c. v. Davis*, supra, 213 Ga. at 795 (2). (This legislation applied only to counties of a certain size, but later legislation applied to all counties.)

> Counties are now specifically authorized by the Constitution [Art. IX, Sec. IV, Par. I] and statute [OCGA § 48-5-220] to levy and collect taxes for the purpose of providing for workmen's compensation. As to the principle that the express powers of a county to levy taxes must be used for prescribed purposes and none other, see *Butts County v. Jackson Banking Co.*, 136 Ga. 719 (2) (71 SE 1065) [(1911)]; Code Ann. §§ 32-942 and 92-3707.

*Oconee County v. Rowland*, 107 Ga. App. 108, 110, n. 1 (129 SE2d 373) (1962).

As discussed in Division 1, "elected county officials" such as the sheriff are defined in OCGA § 34-9-1 as employees entitled to county workers' compensation coverage.

The sheriff argues that the State constitution authorizes payment of workers' compensation benefits to employees of the county,[3] and superior court judges are covered because they are employees. But this argument begs the question of whether the judges are employees in the first place, and considering the position of superior court judges within our constitutional framework and statutes, they are not county employees. Thus the trial court did not err in finding that Fulton County cannot provide workers' compensation benefits to superior court judges.

4. Finally, Freeman argues that the trial court erred in finding that even if the sheriff and judge were co-employees, the exclusive remedy provision of the Workers' Compensation Act would not apply because the sheriff owed a fiduciary or unique duty to protect the

---

[3] "The governing authority of each county is authorized to fix the salary, compensation, and expenses of those employed by such governing authority and to establish and maintain . . . workers' compensation . . . benefits for said employees." Ga. Const. Art. IX, Sec. II, Par. I (2005).

judge. In view of our disposition of the case on the grounds stated in Divisions 1, 2, and 3, Freeman's challenge to this finding is moot.

*Judgment affirmed. Bernes, J., concurs. Andrews, P. J., concurs specially.*

ANDREWS, Presiding Judge, concurring specially.

Although I concur with the affirmation of the trial court's judgment, I do not agree with all that is said therein.

The trial court found that Judge Barnes was an employee of the State for purposes of the Workers' Compensation Act, OCGA § 34-9-1 et seq. Pursuant to the definition of employee contained in that act, however, I do not believe Judge Barnes is covered by the act.

A superior court judge is vested with the judicial power of the State and is defined as a "state official" for purposes of compensation. Ga. Const. of 1983, Art. VI, Sec. I, Par. I; OCGA § 45-7-4 (a) (20). As discussed in Georgia Attorney General's Opinion 71-29,[4]

> there is a difference between a state official and state employee. An official, such as those referenced in your letter (Governor, Secretary of State, etc.), is one who holds or is invested with an office, while an employee is one employed by another for wages or salary and, customarily, in a position below the executive level. The term *employee* generally indicates that one is under the direct supervision of another person, firm, corporation, or other entity, with his duties specified and his actions controlled and directed. In the case of most elected officials in Georgia, their salary is set by statute and rather than being directly controlled and supervised, they supervise and control others. The General Assembly has recognized the difference between employee and official many times by specifically providing that certain things may be done by state "officials or employees" or may not be done by state "officials or employees", thereby indicating a distinction (see, e.g., Ga. Laws 1956, pp. 60, 61, Ga. Code Ann. § 89-913).

(Emphasis in original.)

In an official opinion in 1980, the Attorney General cited Op. Atty. Gen. 71-29 and specifically found that superior court judges are not covered by the Workers' Compensation Act. Op. Atty. Gen. 80-71.[5]

An examination of the Workers' Compensation Act supports these opinions. In addition to the common-law definition of employee

---

[4] 1971 Op. Atty. Gen. 40.

[5] 1980 Op. Atty. Gen. 155.

contained in OCGA § 34-9-1 (2), numerous specific types of employment are specified as included for coverage by the act: firefighters, law enforcement personnel, personnel of emergency management or civil defense agencies, emergency medical services, and rescue organizations, all full-time county employees and employees of elected salaried county officials, volunteer firefighters of any county or municipality of this State, any volunteer law enforcement personnel of any county or municipality of this State who are certified by the Georgia Peace Officer Standards and Training Council, any person who is a volunteer member or worker of an emergency management or civil defense organization, emergency medical service, or rescue organization, whether governmental or not, of any county or municipality, any person certified by the Department of Human Resources or the Composite State Board of Medical Examiners and registered with any county or municipality of this State as a medical first responder for any volunteer first responder services rendered in such capacity, various elected county officers and elected members of the governing authority of an individual county, employees of county and district health agencies, employees of community service boards, and members of the Georgia National Guard and the State Defense Force serving on state active duty.

The maxim, expressio unis exclusio alterius, applies. *Walker v. Walker*, 28 Ga. 140, 156 (5) (1859); *Sturm, Ruger & Co. v. City of Atlanta*, 253 Ga. App. 713, 721 (560 SE2d 525) (2002). Had the legislature intended to include state officials, it could have done so; but it did not. See *Wadkins v. Smallwood*, 243 Ga. App. 134, 137 (1) (530 SE2d 498) (2000) (legislature is presumed to know the existing law at the time that it enacts a statute and the effects of the change).

We note that, in the majority, Freeman's counsel attempts to explain why these two attorney general opinions are not applicable by saying that they were issued before local legislation (apparently that passed by Fulton County to allow superior court judges to participate in county benefit programs) had been passed. That, however, has nothing to do with whether superior court judges are *state employees* for purposes of workers' compensation and the two attorney general opinions are, I believe, still applicable. Further, Freeman's counsel cited OCGA § 34-9-11, instead of the applicable definition section, OCGA § 34-9-1 (2).

As a state official, I believe Judge Barnes was not included in the Workers' Compensation Act and the parties could not stipulate otherwise. *Erskine v. Klein*, 218 Ga. 112, 116 (1) (126 SE2d 755) (1962); *Brown v. State*, 175 Ga. App. 246, 249 (4) (333 SE2d 124) (1985).

DECIDED NOVEMBER 9, 2006 —
RECONSIDERATION DENIED DECEMBER 14, 2006 —

*Robert D. Ware, Allison K. James,* for appellant.
*Rosser A. Malone, George B. Spears,* for appellees.