## A08A0339, A08A0340. FREEMAN v. BRANDAU et al.; and vice versa.

(664 SE2d 299)

PHIPPS, Judge.

On March 11, 2005, Julie Ann Brandau was fatally shot while working as a court reporter in the courtroom of Fulton County Superior Court Judge Rowland Barnes. Gertrude Brandau, as executrix of the estate of Julie Ann Brandau, and Christina E. Scholte, individually as the daughter of Julie Ann Brandau and as her sole surviving heir at law (collectively, the Brandau plaintiffs), sued Fulton County Sheriff Myron Freeman and eight employees of the sheriff's department, alleging that their negligence had allowed an inmate to escape custody, obtain a gun, enter Judge Barnes's courtroom and shoot Brandau.

Freeman filed a motion to dismiss the complaint, claiming that the suit was barred by the exclusive remedy provision of the Workers' Compensation Act because he and Brandau were co-employees.[1] After converting Freeman's motion to one for partial summary judgment, the trial court denied it. In its order, the trial court rejected the plaintiffs' claims that Brandau was working as an independent contractor at the time of her death and that Freeman was not a county employee. The court nonetheless determined that Freeman, as sheriff, owed a unique duty to protect superior court judges and their staffs, including court reporters, and that he could be held liable for breaching that duty, notwithstanding the exclusive remedy provision of the Workers' Compensation Act.

In Case No. A08A0339, Freeman appeals the trial court's denial of his motion, specifically the court's determination that he owed Brandau a fiduciary or unique duty that precluded him from asserting the protection afforded by the exclusive remedy provision of the Workers' Compensation Act. In Case No. A08A0340, the Brandau plaintiffs appeal the trial court's determination that Brandau and Freeman were both Fulton County employees at the time of her death. Considering Case No. A08A0340 first, we conclude that Freeman was not a Fulton County employee. We therefore affirm the trial court's judgment only,[2] and we need not reach the issue raised in Case No. A08A0339.

To prevail on summary judgment, the moving party must show that no genuine issue of material fact exists and that the undisputed

---

[1] Freeman also claimed that the Georgia Tort Claims Act and sovereign immunity barred the suit, but those issues were not decided and are not before us.

[2] See *Fox Run Properties v. Murray*, 288 Ga. App. 568, 572 (2) (a) (654 SE2d 676) (2007) (although our reasoning differs from that employed by the trial court, we may nonetheless affirm a judgment that is right for any reason).

facts, viewed in the light most favorable to the nonmoving party, require judgment as a matter of law.[3] We review the denial of summary judgment de novo.[4]

### Case No. A08A0340

The exclusive remedy provision of the Workers' Compensation Act pertinently provides that

> [t]he rights and the remedies granted to an employee by [the Workers' Compensation Act] shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents, or next of kin . . . on account of such injury, loss of service, or death; provided, however, that no employee shall be deprived of any right to bring an action against any third-party tort-feasor, other than [persons including] an employee of the same employer. . . .[5]

Where the Workers' Compensation Act applies, this provision "not only prevents the injured employee from bringing a tort claim against the employer, but also prevents a tort claim against any co-employee[ ] of the same employer."[6] Thus, if Freeman and Brandau were both Fulton County employees at the time of her death, the Brandau plaintiffs' suit is barred.

1. In this appeal, Freeman claims that he is a county employee. The sheriff, however, is an elected constitutional county officer and not a county employee.[7] Relying solely on the related case of *Freeman v. Barnes*,[8] Freeman asserts that he is a county employee for workers' compensation purposes. But that case did not directly address whether Freeman was a Fulton County employee. Instead, it affirmed the trial court's conclusions that Fulton County Superior Court Judge Rowland Barnes was not a Fulton County employee and that Freeman was not a state employee for workers' compensation

---

[3] *McLeod v. Blase*, 290 Ga. App. 337 (659 SE2d 727) (2008).

[4] Id.

[5] OCGA § 34-9-11 (a).

[6] *Crisp Regional Hosp. v. Oliver*, 275 Ga. App. 578, 581 (1) (621 SE2d 554) (2005) (citations omitted).

[7] 1983 Ga. Const., Art. IX, Sec. I, Par. III (a); *Bd. of Commrs. of Dougherty County v. Saba*, 278 Ga. 176, 177 (1) (598 SE2d 437) (2004); *Malcom v. Newton County*, 244 Ga. App. 464, 465 (535 SE2d 824) (2000); see also *Hill v. Clayton County Bd. of Commrs.*, 283 Ga. App. 15, 17 (1) (a) (640 SE2d 638) (2006) (the Georgia Constitution has made the sheriff independent from the county, notwithstanding the sheriff's designation as a county officer).

[8] 282 Ga. App. 895 (640 SE2d 611) (2006) (physical precedent only).

purposes.[9] Throughout that opinion, Freeman was consistently referred to as a county officer, despite the apparent understanding of both parties that he was a county employee.[10]

The Workers' Compensation Act provides that elected county officers may be considered employees under the Act if the county's governing authority provides therefor by appropriate resolution.[11] Freeman has not shown that Fulton County has passed such a resolution and his counsel conceded at oral argument that the county had not done so.

Instead, in his motion to dismiss, Freeman referred to local legislation that applied the Fulton County civil service system to elected officers[12] and to a section of the Fulton County Code authorizing the creation of a civil service system.[13] At oral argument before this court, Freeman's counsel claimed that the local legislation served the same purpose as the resolution required by OCGA § 34-9-1 (2).

The local legislation provides that "[t]he Fulton County Board of Commissioners and all other officers who are elected by popular vote and persons appointed to fill vacancies in elective offices" are included in the "unclassified service" to which the civil service act applies.[14] It does not define elected officers as county employees or provide that persons included in the "unclassified service" are deemed employees for workers' compensation purposes. Nor does the Fulton County Code's "Civil Service" Article define elected officers as county employees for workers' compensation purposes. In fact, the only definition of "county employee" found in that Article specifically excludes "elected officials."[15] Further, Georgia courts previously have held that public officers subject to civil service rules were not eligible for workers' compensation benefits.[16] Thus, inclusion in the civil service system does not necessarily establish employee status for workers' compensation purposes. And Freeman has not cited any other authority that would render him an employee for such purposes.

---

[9] Id. at 896-900 (1), (2).

[10] Id. at 898-900 (1), (2); see also *Nichols v. Prather*, 286 Ga. App. 889, 893 (1) (650 SE2d 380) (2007) (relying on *Freeman*, supra, to conclude that sheriff is county officer).

[11] OCGA § 34-9-1 (2).

[12] Ga. L. 1982, p. 4896, § 6 (b) (1).

[13] Fulton County Code Art. II, Div. 1, Sec. 34-31.

[14] Ga. L. 1982, p. 4896, § 6 (b) (1).

[15] Fulton County Code Art. II, Div. 2, Sec. 34-76 (a) (1).

[16] See *City of Macon v. Whittington*, 171 Ga. 643 (156 SE 674) (1931); *City Council of Augusta v. Reynolds*, 50 Ga. App. 482 (178 SE 485) (1935); see also *Parker v. Travelers Ins. Co.*, 174 Ga. 525 (163 SE 159) (1932) (public officer not an employee for workers' compensation purposes).

Because Freeman was not a county employee, he and Brandau were not co-employees at the time of her death. Thus, the exclusive remedy provision of the Workers' Compensation Act does not bar the Brandau plaintiffs' claims.

2. When she was shot, Brandau was reporting a summary judgment hearing in a civil case. The Brandau plaintiffs claim that she was working as an independent contractor and not a Fulton County employee at that time. Because we conclude that Freeman was not a county employee, we do not reach this issue.

### Case No. A08A0339

Given our holding in Case No. A08A0340, we need not decide whether the trial court correctly ruled that the exclusive remedy provision of the Workers' Compensation Act would not apply because Freeman, as sheriff, owed a unique duty to protect superior court judges and their staffs, including court reporters.

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

### DECIDED JUNE 26, 2008.

*Allison K. Humphrey, Overtis H. Brantley, Rolesia B. Dancy, Robert D. Ware*, for appellant.

*Scherffius, Ballard, Still & Ayers, Andrew M. Scherffius III, Tamara M. Ayers, Gregory R. Feagle*, for appellees.