## 40528. DOWNEY v. BEXLEY et al.
(317 SE2d 523)

SMITH, Justice.

We granted certiorari in this workers' compensation case to decide whether appellees' third-party tort action against appellant Downey, a company physician, is barred by the exclusive remedy provision of our compensation act, OCGA § 34-9-11. The trial court ruled that Dr. Downey was immune from tort liability as a co-employee of appellees and granted summary judgment in Downey's favor. The Court of Appeals reversed and we granted certiorari. We affirm the judgment of the Court of Appeals, but do so for reasons different than those expressed by the court below.

In their complaint appellees Bexley and Harrison allege that for several years they were employed at Southwire Company's Carrollton plant, engaged in the smelting and refining of industrial and commercial copper wire, and that while so employed they contracted lead dust poisoning. Appellees maintain that during their tenure at Southwire, Dr. Downey, who operated an employee health clinic at the Southwire facility, secretly monitored their deteriorating health, did nothing about their condition, and intentionally concealed this information from them. This conduct was alleged by appellees to constitute fraud, deceit, and medical malpractice.

The Court of Appeals held that under the "right to control" test employed in the case of *Simpkins v. Unigard Mut. Ins. Co.*, 130 Ga. App. 535 (203 SE2d 742) (1974), Downey was an independent contractor rather than a Southwire employee for purposes of the co-employee doctrine. The court reached this result in spite of the fact that Downey was employed full-time by Southwire, was paid a salary, worked in Southwire offices using equipment owned by the company, and performed work which was periodically reviewed by company officials, all indicia of a master-servant relationship. Controlling to the court was the fact that Downey maintained near-exclusive control over his office procedures, particularly as to the blood-level testing activities which form the basis of appellees' claim. This control, coupled with Downey's exercise of his professional judgment, sufficiently demonstrated to the court his status as an independent contractor under the *Simpkins* test. *Bexley v. Southwire Co.*, 168 Ga. App. 431, 434 (309 SE2d 379) (1983). Thus a jury issue existed as to whether Downey and appellees were co-employees under the act, and summary judgment was improper.

We do not reach the "employee-independent contractor" issue decided by the Court of Appeals, as we hold that where a professional co-employee is charged with fraud, deceit, and violation of professional trust, he may be held liable in tort for his wrongdoing to an injured co-employee. We reach this result not because of any provi-

sion of our Workers' Compensation Act, but because of the unique duty owed others by professional persons like Dr. Downey. "The primary distinction [between a professional service and a purely commercial enterprise] is that a profession is a calling which demands adherence to the public interest as the foremost obligation of the practitioner." *First Nat. Bank &c. Co. v. Zagoria*, 250 Ga. 844, 845 (302 SE2d 674) (1983). In *Zagoria* this court held that, because of the special nature of the attorney-client relationship, the members of a law firm organized as a professional corporation could not use that corporate structure as a shield to insulate themselves from individual liability for a firm member's wrongful conduct, which was performed in the course of the firm's business.

Similarly, we think that here Dr. Downey should not be allowed to avoid liability for alleged fraud, deceit, and abuse of professional trust merely by invoking the "co-employee" doctrine of workers' compensation law. A professional person is liable for an abuse of the trust reposed in him by the public, provisions of the compensation act notwithstanding. Cases such as *Southern Wire &c., Inc. v. Fowler*, 217 Ga. 727 (124 SE2d 738) (1962), and *Helton v. Interstate Brands Corp.*, 155 Ga. App. 607 (271 SE2d 739) (1980), are inapposite, in that they did not involve a breach of professional responsibility as is alleged by appellees in this case. The Court of Appeals correctly reversed the trial court's grant of summary judgment in Dr. Downey's favor.

*Judgment affirmed. All the Justices concur, except Marshall, P. J., who dissents.*

DECIDED JULY 2, 1984.

*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, Henry D. Green, Jr.,* for appellant.

*Jack F. Witcher, James I. Parker, Michael C. Walls, David H. Tisinger, Jack J. Dalton,* for appellees.

*Don C. Keenan, Douglas A. Bennett, James T. McDonald, Jr.,* amici curiae.