### 74940. DAVIS v. STOVER.
(362 SE2d 97)

CARLEY, Judge.

Until his death, the husband of appellee-plaintiff was employed at a Ford Motor Company assembly plant. On two consecutive days, he experienced chest pains while at work and sought medical assistance from appellant-defendant, the plant physician at the Ford facility. Appellant's diagnosis was of a respiratory problem and, pursuant to that diagnosis, he prescribed a drug. On the second day, appellee's husband suffered a heart attack and died before he could be transferred to a hospital. Appellee was awarded workers' compensation benefits for the death of her husband. Thereafter, appellee filed this medical malpractice action against appellant, alleging that appellant had misdiagnosed her husband and had afforded him negligent treatment for his heart condition. Included among the defenses raised in appellant's answer was his assertion that, since he was also an em-

ployee of the Ford assembly plant, he was afforded immunity from any tort liability for his alleged malpractice in treating appellee's husband. See OCGA § 34-9-11. Subsequently, appellant moved for summary judgment based solely upon his "co-employee" defense. The trial court denied appellant's motion for summary judgment but certified its order for immediate review. Appellant's application for an interlocutory appeal to this court was granted in order that we might address the applicability of the "co-employee" defense in the context of a medical malpractice action brought by a company employee against a company physician.

OCGA § 34-9-11 provides, in pertinent part, that the workers' compensation rights and remedies of an employee "shall exclude all other rights and remedies of such employee, . . . provided, however, that no employee shall be deprived of any right to bring an action against any third-party tortfeasor, *other than an employee of the same employer. . . .*" (Emphasis supplied.) This statute makes no explicit provision for any exception to the doctrine of "co-employee" tort immunity that it creates. However, our Supreme Court has recently held that the "co-employee" defense would not be available to a company physician. See *Downey v. Bexley*, 253 Ga. 125 (317 SE2d 523) (1984). The *Bexley* decision is factually distinguishable from the case at bar. In *Bexley*, not only were there allegations of the company physician's malpractice, there were also allegations of his fraud and deceit. No such additional allegations of fraud and deceit have been made against appellant. Appellant urges that this factual difference renders *Bexley* inapplicable legal authority in this case. Accordingly, the issue for resolution is whether the *Bexley* decision stands for a broad or a narrow proposition. Under the broad construction of *Bexley* advanced by appellee and accepted by the trial court, a company physician who is sued in his professional capacity by an employee of the company may never avail himself of the tort immunity of OCGA § 34-9-11. Under the narrow construction of *Bexley* advanced by appellant, a company physician is barred from claiming the statutory immunity only if it is alleged that he engaged in fraudulent or deceitful conduct in connection with his treatment of a company employee.

Nothing in the *Bexley* decision would necessarily indicate that its holding was premised upon the specific acts of professional misconduct that had been alleged against the company physician. To the contrary, it would appear that the focus in *Bexley* was merely upon the defendant's general status as a company physician against whom a tortious breach of professional conduct had been alleged. "[W]e hold that where a professional co-employee is charged with fraud, deceit, and violation of professional trust, he may be held liable in tort for his wrongdoing to an injured co-employee. We reach this result

not because of any provision of our Workers' Compensation Act, but because of the unique duty owed others by professional persons like [a company physician]. 'The primary distinction [between a professional service and a purely commercial enterprise] is that a profession is a calling which demands adherence to the public interest as the foremost obligation of the practitioner.' [Cit.]. . . . [W]e think that here [the company physician] should not be allowed to avoid liability for alleged fraud, deceit, and abuse of professional trust merely by invoking the 'co-employee' doctrine of workers' compensation law. A professional person is liable for an abuse of the trust reposed in him by the public, provisions of the compensation act notwithstanding. Cases [which have applied the tort immunity of OCGA § 34-9-11] are inapposite, in that they did not involve a breach of professional responsibility as is alleged . . . in this case." *Downey v. Bexley*, supra at 125-126. In *Bexley*, the Supreme Court analogized its holding that the company physician could not claim the co-employee tort immunity of OCGA § 34-9-11 to its holding in *First Bank & Trust Co. v. Zagoria*, 250 Ga. 844 (302 SE2d 674) (1983). In *Zagoria*, the Supreme Court held that a professional corporation which had been organized for the practice of law would not shield a co-shareholder thereof from individual liability for the alleged wrongful professional acts or omissions attributed to another co-shareholder. The Supreme Court did not purport to limit its holding in *Zagoria* to cases wherein the corporate veil was being raised as a defense to liability for alleged fraudulent or deceitful acts of professional misconduct. "It is inappropriate for the lawyer to be able to play hide-and-seek in the shadows and folds of the corporate veil and thus escape the responsibilities of professionalism." *First Bank & Trust Co. v. Zagoria*, supra at 846.' Thus, any analogy between the *Zagoria* and the *Bexley* decisions would be with reference to the general viability of a professional's claim of immunity from liability in tort for any alleged breach of professional conduct. In *Bexley*, the alleged professional misconduct happened to include allegations of fraud and deceit. However, those allegations were not crucial to the ultimate holding in *Bexley* that a company doctor, sued in a professional capacity by a company employee, would not be entitled to claim the benefit of the tort immunity created by OCGA § 34-9-11.

Accordingly, to adopt the narrow interpretation of *Bexley* that is advanced by appellant would give to a factual distinction a legal effect which is neither explicitly nor implicitly supported by existing authority. Professional misconduct need not be fraudulent or deceitful to be actionable in tort. Therefore, we hold that *Bexley* is subject to but one construction, to wit: Notwithstanding the provisions of OCGA § 34-9-11, a company physician who is sued for *any* alleged tortious breach of conduct applicable to his profession generally is not

entitled to claim the defense of tort immunity, even as against a company employee. In this case, appellant and appellee's husband had Ford as a common employer. However, appellant was specifically employed as a physician for Ford's employees and it was in his capacity as a physician that appellant's professional services were sought by appellee's husband. Such control, if any, as Ford may have exercised over appellant's manner and method of providing medical services to Ford's employees may be a factor to be considered in determining whether appellant was negligent with regard to the professional services that he did or did not afford to appellee's husband. However, the mere existence of such control by Ford is not a factor which, under OCGA § 34-9-11, will provide appellant with *absolute* immunity from any possible tort liability for the alleged negligent medical treatment that he afforded appellee's husband. The trial court did not err in denying appellant's motion for summary judgment based solely upon the provisions of OCGA § 34-9-11.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

Decided October 2, 1987 —
Rehearing denied October 19, 1987 — 

*Robert G. Tanner, Mark E. Bergeson,* for appellant.
*James C. Simmons, Jr., A. Leroy Toliver,* for appellee.