### 45181. DAVIS v. STOVER.
(366 SE2d 670)

SMITH, Justice.

We granted certiorari in *Davis v. Stover,* 184 Ga. App. 560 (362 SE2d 97) (1987), to decide whether a medical malpractice action against a company physician is barred by the exclusive remedy provision of the Workers' Compensation Act, OCGA § 34-9-11. The trial court denied the appellant's motion for summary judgment on the defense of co-employee immunity. The Court of Appeals granted an interlocutory appeal and affirmed the trial court's holding. We affirm.

The appellant, Dr. Guy C. Davis, was employed as a company physician for the Ford Motor Company's Hapeville assembly plant. Wendell Stover, a worker at the plant, experienced chest pain and shortness of breath while on the job. The appellant diagnosed Stover as having a respiratory problem and prescribed some medication. The next day Stover suffered a heart attack and died before he could be transported from the plant to a hospital.

The appellee, the deceased's wife, was awarded workers' compensation benefits. The appellee then filed a medical malpractice action against the appellant alleging misdiagnosis and negligent treatment of her husband's heart condition.

The appellant's affidavit stated,

> Ford [Motor Company] controlled my practice of medicine and manner of treatment in that they required me to give every employee or [prospective] employee a physical examination, prescribing to me the tests to be done, and provid[ing] me with specific management and direction to the effect that any patient with 'chest pain' was to be sent out of the plant for care. This control contributed to my decision not to do an EKG or other heart related testing on Wendell A. Stover.

However, in a deposition, the appellant referred to Mr. Stover as his patient and as a person he had known for 20 years. When asked whether the decision not to perform an essential test was a product of his independent professional judgment, the appellant replied that it

was.

This court has held, "where a professional co-employee is charged with fraud, deceit, and violation of professional trust, he may be held liable in tort for his wrongdoing to an injured co-employee." *Downey v. Bexley*, 253 Ga. 125 (317 SE2d 523) (1984). The appellant contends that *Bexley* does not apply because of factual differences. Unlike this case, in *Bexley* there were allegations of fraud and deceit in addition to professional malpractice. The decision in *Bexley* was based on the unique duty owed others by professional persons. It is not the content and nature of the alleged acts that allow such a tort action; but rather, it is the appellant's professional standing that creates a trusting relationship that cannot be breached with impunity. "A professional person is liable for an abuse of the trust reposed in him by the public, provisions of the compensation act notwithstanding." *Bexley*, supra at 126.

In this case, the appellant failed to comply with the policies established by the employer which required any worker with chest pain to be sent out of the plant for care. Regardless of the company's policies, a worker expects and trusts his treatment will be made by the doctor's independent professional judgment. Because of the relationship between physicians and patients, company physicians cannot use the Workers' Compensation laws as a shield to insulate themselves from individual liability for medical malpractice claims. The Workers' Compensation laws were not intended to be a grant of immunity from professional malpractice actions.

*Judgment affirmed. All the Justices concur, except Marshall, C. J., and Weltner, J., who concur in the judgment only.*

DECIDED APRIL 7, 1988.

*Long, Weinberg, Ansley & Wheeler, Robert G. Tanner, Mark E. Bergeson,* for appellant.

*Simmons & Toliver, James C. Simmons, Jr., A. Leroy Toliver,* for appellee.