A91A0024. DRURY et al. v. VPS CASE MANAGEMENT SERVICES, INC.
(408 SE2d 809)

CARLEY, Judge.
The facts, insofar as they are relevant to the resolution of this appeal, are as follows: Appellant-plaintiff was injured in an on-the-job accident. As the result of this accident, he began to receive workers' compensation benefits, including vocational rehabilitation services provided by appellee-defendant. Alleging appellee's negligent performance of these services, appellant and his wife filed the instant tort action. After discovery, appellee moved for summary judgment based upon the exclusive remedy provisions of OCGA § 34-9-11. The trial court granted summary judgment in favor of appellee and it is from that order that appellant and his wife bring this appeal.

The legislative intent of OCGA § 34-9-11 is clear. "This provision has been interpreted consistently to mean that, where the workers' compensation law is applicable, it provides the employee's exclusive remedy against his employer. [Cits.]" *Freeman v. Ryder Truck Lines*, 244 Ga. 80, 82 (2) (259 SE2d 36) (1979). Thus, an employee who is eligible for workers' compensation benefits may not otherwise recover *as against his employer or his employer's alter ego for his compensable on-the-job accident*, but is limited to his workers' compensation remedy. *Hinkley v. Bldg. Material Merchants &c.*, 187 Ga. App. 345 (370 SE2d 201) (1988) (administrator of the self-insured employer's workers' compensation program who had contracted to assume the

employer's duty to conduct safety inspections of the work premises is, as to that duty, the employer's alter ego and cannot be sued under the theory that the injured employee's compensable on-the-job accident was attributable to an allegedly negligent breach of the assumed duty to inspect); *Fred S. James & Co. of Ga. v. King*, 160 Ga. App. 697 (288 SE2d 52) (1981) (administrator of the self-insured employer's workers' compensation program who had contracted to assume the employer's duty to conduct safety inspections of the work premises is immune from suit based upon allegations that his assumed duty was negligently breached); *Newton v. Liberty Mut. Ins. Co.*, 148 Ga. App. 694 (1) (252 SE2d 199) (1979) (workers' compensation insurer immune from suit as to alleged negligent breach of the assumed duty to conduct safety inspections); *Chambers v. Gibson*, 145 Ga. App. 27 (243 SE2d 309) (1978) (executive of corporate-employer is, as to acts performed in his representative capacity, the alter ego thereof and immune from suit based upon allegations that such acts were negligently performed); *Vaughn v. Jernigan*, 144 Ga. App. 745 (242 SE2d 482) (1978) (executive of corporate-employer is immune from suit for allegedly negligent performance of acts undertaken in his representative capacity); *Cunningham v. Heard*, 134 Ga. App. 276 (214 SE2d 190) (1975) (president of employer immune from suit for allegedly negligent performance of his representative acts); *Yancey v. Green*, 129 Ga. App. 705 (201 SE2d 162) (1973) (individual members of county board of education immune from suit for allegedly negligent performance of acts within their official capacities); *Mull v. Aetna Cas. &c. Co.*, 120 Ga. App. 791 (172 SE2d 147) (1969) (workers' compensation carrier, having assumed the employer's duty to conduct safety inspections, is immune from suit for allegedly negligent performance of that assumed duty).

However, entirely unlike the above cited cases, appellant does *not* seek a recovery based upon allegations that his original compensable on-the-job accident was caused by appellee's breach of any duty performed in its capacity as an alter ego of the employer. Appellant *does* allege that, subsequent to his original compensable on-the-job accident, appellee negligently breached a separate duty of care that it owed to appellant in its capacity as the provider of vocational rehabilitation services. Thus, appellant has alleged appellee's commission of a *succeeding and distinct* act of professional negligence. OCGA § 34-9-11 does not render one who is negligent in the *subsequent provision of services* to a previously injured workers' compensation claimant immune from liability therefor. Appellee's "liability arises from the [professional-client] relationship with [appellant], and not from an employer-employee relationship. The [professional] attending the injured employee is not a party to the compensation case or settlement. Nothing in the [Workers'] Compensation Act places an attending

[professional] in a class with the employer." *Gay v. Greene*, 91 Ga. App. 78, 81 (2) (84 SE2d 847) (1954). "The Workers' Compensation laws were not intended to be a grant of immunity from professional malpractice actions." *Davis v. Stover*, 258 Ga. 156, 157 (366 SE2d 670) (1988), aff'g 184 Ga. App. 560 (362 SE2d 97) (1987) (discussing immunity of a fellow servant rather than an employer and holding that immunity does not extend to a company doctor as a professional fellow servant). It follows, therefore, that the trial court erred in granting summary judgment in favor of appellee.

The issue of whether appellee actually committed malpractice has yet to be addressed in the trial court, appellee's motion having been predicated upon its purported statutory immunity from suit for its alleged malpractice. Accordingly, all we hold is that OCGA § 34-9-11 is *not* a legal bar to the pursuit of a malpractice claim against a professional who has subsequently provided his services to a previously injured workers' compensation claimant. Whether appellee actually committed malpractice and, if so, whether appellant can otherwise recover damages as a result thereof have yet to be established.

*Judgment reversed. Banke, P. J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED JULY 2, 1991 —
RECONSIDERATION DENIED JULY 17, 1991 — 

*Jeffrey R. Berry*, for appellants.
*Gorby, Reeves, Moraitakis & Whiteman, Eve A. Appelbaum, Andrew Nelson*, for appellee.
*Miles L. Gammage*, amicus curiae.