## A92A1261. CLARK v. WILLIAMSON.
(425 SE2d 311)

BEASLEY, Judge.

Sheriff's Investigator Clark was killed while a passenger in a county-owned automobile being operated by his superior and supervising officer, Captain Williamson. Clark's widow (appellant) claimed workers' compensation benefits and later brought a common-law tort action against the administratrix of Williamson's estate (appellee), who was granted summary judgment. The question is whether the tort claim is barred by the exclusive remedy provisions of the Workers' Compensation Act, OCGA § 34-9-11 (a).

Officers Clark and Williamson attended an evening barbecue at a rural cabin in Wilcox County. The record does not establish whether the event was work related nor whether they were on duty during that evening. They left together "in a hurry," with Williamson driving along the dirt road "at a high rate of speed." There is no indication whether they were then on official police business.

After apparently driving south on I-75, they exited onto Georgia Highway 300 (a divided highway) and traveled west in the eastbound lane. A motorist on that road stated that she encountered a car traveling in the wrong direction "at a high rate of speed" shortly after 11:00 p.m. She was able to avoid it by swerving to her right and blowing her horn. After passing the vehicle, she looked in her rear view mirror and saw an explosion and fire. The woman called the Georgia State Patrol, which dispatched a trooper. The investigating officer determined that Williamson's car had collided head-on with a tractor-trailer truck, killing both officers instantly. The truck driver reported that as he was driving on Highway 300 he saw the headlights of a car coming at him at a "high rate of speed," in excess of the 55 mph speed limit. He tried to take evasive action but was unable to avoid the collision.

Based on the nature and extent of damage to the vehicles, the absence of skid marks attributable to the car, and the fact that it had traveled underneath the tractor portion of the rig, the trooper determined that the car "was running at a[n] excessive rate of speed," which he estimated at 75 mph. He concluded that the truck driver did not contribute to the collision but instead that it resulted from Williamson's speeding and driving on the wrong side of the road. It was shown to be State Patrol policy to drive within the speed limit when not on an emergency.

The bodies were taken to a local hospital where blood was drawn for chemical analysis. Williamson's blood alcohol level was .16 grams percent.

1. Relying on *Downey v. Bexley*, 253 Ga. 125 (317 SE2d 523) (1984) and *Davis v. Stover*, 258 Ga. 156 (366 SE2d 670) (1988), Clark's widow asserts that Williamson's misconduct precludes immunity under the workers' compensation laws.

OCGA § 34-9-11 (a) provides: "The rights and the remedies granted to an employee by [the workers' compensation laws, OCGA § 34-9-1 et seq.] shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents, or next of kin, at common law or otherwise, on account of such injury, loss of service, or death; provided, however, that no employee shall be deprived of any right to bring an action against any third-party tortfeasor, other than an employee of the same employer. . . ." In *Downey* and *Davis*, the Supreme Court held that the defense of co-em-

ployee immunity does not extend to persons who hold a special professional relationship of trust with one who claims abuse of that trust.

*Downey* involved a complaint for medical malpractice, fraud, and deceit against a co-employee company physician who operated an employee health clinic at the employer's place of business. It was alleged that the physician secretly monitored and intentionally concealed from his patients information that they had contracted lead dust poisoning in the workplace. The Court held: "[W]here a professional co-employee is charged with fraud, deceit, and violation of professional trust, he may be held liable in tort for his wrongdoing to an injured co-employee." *Downey*, supra at 125. The physician was not permitted to avoid liability by the co-employee doctrine of workers' compensation law. The reason is that "[a] professional person is liable for an abuse of the trust reposed in him by the public, provisions of the compensation act notwithstanding." Id. at 126.

The Court followed *Downey* in *Davis*, a medical malpractice action against a company physician. Fraud and deceit were not alleged. There was evidence that the physician failed to follow the employer's policies for administering medical care to patients experiencing chest pain, but also that he exercised his independent professional judgment in deciding not to perform an essential test. The patient died of a heart attack. The Court held that the co-employee's medical malpractice claim was not barred by the exclusive remedy provisions of the workers' compensation laws, because of the relationship of trust between physicians and patients.

The non-applicability of co-employee immunity illustrated in these cases rests on the professional relationship, which raised a unique duty of trust over and above the duties of co-employees. *Davis*, supra at 157, made clear that "[t]he Workers' Compensation laws were not intended to be a grant of immunity from professional malpractice actions." See also *Drury v. VPS Case &c. Svcs.*, 200 Ga. App. 540 (408 SE2d 809) (1991) (allowing a malpractice action against a vocational rehabilitation provider for injuries resulting from alleged professional negligence subsequent to the on-the-job accident and distinct from the compensable claim).

Captain Williamson occupied a position of public trust generally as a professional law enforcement officer, Ga. Const. 1983, Art. I, Sec. II, Par. I, but the rationale of *Davis* and *Downey* is limited to malpractice actions. It does not extend to his relationship, which was not an individual and particular fiduciary one, to his subordinate officer. He owed no unique duty to Clark. "The legislative intent of OCGA § 34-9-11 is clear. 'This provision has been interpreted consistently to mean that, where the workers' compensation law is applicable, it provides the employee's exclusive remedy against his employer. (Cits.)' [Cit.]" *Drury*, supra at 540. The exclusion extends not only to the

employer but also to "an employee of the same employer." OCGA § 34-9-11 (a). Accord *Mann v. Workman*, 257 Ga. 70 (354 SE2d 831) (1987); *Williams v. Thomas*, 187 Ga. App. 527 (370 SE2d 773) (1988). Williamson's estate is immune from suit under the exclusive remedy provisions granted a co-employee by OCGA § 34-9-11 (a).

2. Clark's widow further contends that Williamson's estate is precluded from claiming immunity under the workers' compensation laws because his wilful misconduct fell outside the scope of his employment.

First, both parties aver or admit in their pleadings that at the time of the collision, Williamson and Clark were both acting within the scope of their employment as county law enforcement officers. Cf. *O'Kelley v. Gates*, 160 Ga. App. 400 (287 SE2d 262) (1981) (co-employees, but non-barred plaintiff was outside scope of her employment whereas defendant was within scope of her employment at time of collision); *Crawford v. Meyer*, 195 Ga. App. 867 (395 SE2d 327) (1990) (co-employees were both within scope of employment, barring recovery). Second, the undisputed evidence establishes that appellant asserted and received death benefits under the workers' compensation laws. " 'In exchange for the right to recover scheduled compensation without proof of negligence on the part of the employer in those cases in which a right of recovery is granted, the employee foregoes other rights and remedies which he might otherwise have had, but if he accepts the terms of the Act he as well as the employer is limited to those things for which the Act makes provision.' [Cit.] Appellant by accepting the terms of the Act under the doctrine of equitable estoppel and benefitting thereby is estopped and barred from recovering in this tort action against appellee [employer]. See OCGA § 34-9-11; [Cits.]" *Lott v. Ace Post Co.*, 175 Ga. App. 196, 197 (332 SE2d 676) (1985). Estoppel applies as well in an action, such as this one, against a co-employee. *Mann v. Workman*, 181 Ga. App. 211, 212 (1) (351 SE2d 680) (1986), aff'd, 257 Ga. 70, supra.

Neither OCGA § 34-9-17 nor OCGA § 34-9-1 (4) is applicable. The first provides an affirmative defense to the employer against a claim for compensation benefits where the injury proximately resulted from an injured employee's wilful misconduct, including intoxication. This suit is not for workers' compensation benefits.

The second leaves open a tort claim because it excludes workers' compensation benefits for injuries "caused by the willful act of a third person directed against an employee for reasons personal to such employee, . . ." Id. See *Knight v. Gonzalez*, 181 Ga. App. 468 (352 SE2d 646) (1987). The undisputed facts here preclude this situation.

Appellant did not establish a factual basis for defeating the motion for summary judgment. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 28, 1992 —
RECONSIDERATION DENIED NOVEMBER 18, 1992.

Morris & Webster, Craig A. Webster, for appellant.

Michael J. Bowers, Attorney General, Charles M. Richards, Senior Assistant Attorney General, Susan J. Levy, Staff Attorney, Simpson & Gray, Joseph B. Gray, Jr., Richard L. Hodge, Dennis, Corry, Porter & Thornton, R. Clay Porter, Grant B. Smith, for appellee.