## A96A1287. GORING v. MARTINEZ et al.

(479 SE2d 432)

ANDREWS, Judge.

Goring appeals from the grant of summary judgment to Martinez, a physical therapist, and his employer, DeKalb Medical Center (DMC), on her claims alleging malpractice in the planning and conduct of her physical therapy. It was also alleged that DeKalb Medical Center was responsible under respondeat superior and failed to adequately supervise Martinez, but these claims hinge on the malpractice claim against Martinez.

Goring worked for DeKalb Medical Center as an aide-transporter and injured her shoulders on July 20, 1991 while helping a patient. She underwent surgical rotator cuff repair on her right shoulder in April 1992 and was thereafter referred to Workswell Rehabilitation Center, part of Rehabilitation Services at DMC.[1] There, she worked with Martinez, an occupational therapist licensed in Georgia and coordinator of the Center. The Center provides work conditioning and hardening services which include occupational and physical therapy services, designed as a continuum of care to improve patients' physical and functional capacities for the return to work. On August 25, 1992, Goring was evaluated by Martinez and a modified work hardening program was designed for her. She began treatment on September 1, 1992 and continued until October 23, 1992, when she contends that she, "while performing physical therapy exercises as directed under Defendant's supervision, felt severe pain in her right shoulder [which] soon spread over her right leg, back, and neck."

After conducting some discovery, DMC and Martinez filed their motion for summary judgment on the ground that the "care, occupa-

---

[1] No question has been raised regarding Martinez' status as a fellow servant and the issue of immunity under OCGA § 34-9-11, and we will not address it further. See *Weller v. Brown,* 266 Ga. 130 (464 SE2d 805) (1996); *Clark v. Williamson,* 206 Ga. App. 329 (1) (425 SE2d 311) (1992); *Drury v. VPS Case Mgmt. Svcs.,* 200 Ga. App. 540 (408 SE2d 809) (1991).

tional therapy, and physical therapy, designed and provided by . . . Martinez . . . and the other staff . . . was in compliance with that degree of care and skill employed by occupational therapists and physical therapists generally under similar conditions and like surrounding circumstances" based on the affidavit of Martinez.

1. With the complaint, Goring filed an affidavit of Dr. Bullard, a medical doctor specializing in family medicine and personal injury, disability and impairment evaluation and treatment.

We need not consider whether the affidavit, standing alone, was sufficient for purposes of OCGA § 9-11-9.1, since the trial court, in the order appealed, concluded it was sufficient for that purpose, but insufficient to defeat summary judgment.

2. The trial court ruled that none of the affidavits submitted by Goring, Dr. Bullard's initial one and the addendum, and one by Dr. James, an orthopedic surgeon, "show how the Plaintiff's experts, a family practitioner and an orthopedic surgeon, are competent to testify against an occupational therapist."

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. [Cit.]" *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

In reviewing grant or denial of summary judgment, this Court conducts a de novo review of the evidence. *Gaskins v. Hand*, 219 Ga. App. 823 (466 SE2d 688) (1996).

(a) We conclude, as did the trial court, that the design and execution of a program of occupational and physical therapy is not one of those matters, as contended by Goring, where the asserted actionable negligence would appear to be so clear that expert testimony is unnecessary to determine the issue. *McClure v. Clayton County Hosp. Auth.*, 176 Ga. App. 414, 416 (1) (336 SE2d 268) (1985); see *Drury*, supra at 541.

(b) The affidavit of Dr. Bullard, as supplemented, stated his medical credentials, his area of practice, and that "[i]n my experience, computerized assessments of patient's abilities such as the ERGOS reports utilized by the Workswell therapist in this case are accurate. The general practice is to comply with the computerized-set limits or use them as an upper boundary in prescribing treatment. In my opin-

ion, it was a breach of due care, skill and diligence for the therapist to ignore the information the computer program gave him on Ms. Goring's physical limitations. The printout listed that her limits were 20 lbs, and the therapist directed Ms. Goring to lift 30 lbs."

Dr. James' affidavit set out her medical educational credentials, and stated that "I have often worked with the rehabilitation of patients from shoulder injuries, often coordinating such treatment through my office. [I or the therapists that I supervise utilize computers in the assessment of the propriety of various physical exercises that the patients will undertake.] Therefore, I am familiar with the degree of case [sic] and skill employed by medical care providers who rehabilitate and supervise the rehabilitation of patients from debilitating injuries generally with regard to the circumstances involving the treatment of Carla Goring."

(i) With regard to Dr. Bullard, we agree with the trial court that there was an insufficient showing of his competence to testify as an expert with regard to the practice of occupational and physical therapy. *Hewett v. Kalish*, 264 Ga. 183, 185 (1) (442 SE2d 233) (1994); *Seely v. Loyd H. Johnson Constr. Co.*, 220 Ga. App. 719, 722 (1) (470 SE2d 283) (1996); *Riggins v. Wyatt*, 215 Ga. App. 854, 855 (452 SE2d 577) (1994); *Bethea v. Smith*, 176 Ga. App. 467, 468 (2) (336 SE2d 295) (1985).

(ii) Pretermitting the issue of Dr. James' competency, see *Riggins*, supra and *Bethea*, supra (familiarity with standard of care and treatment of another profession not enough), we conclude that the grant of summary judgment to Martinez and DMC was appropriate for other reasons.

Dr. James' affidavit stated that she examined Goring on June 1, 1995 and took x-rays of her spine. She also reviewed a "letter of 6/1/95, . . . the MRI report of 3/10/93 [and] the following medical records: Medical report affidavit Aug 4, 1994 — Dr. Lester Bullard, Workswell letter to Dr. Arthur Tracht on 11/3/92 and Dr. Tracht's office notes 9/17/91-7/12/93." None of these documents is properly certified or attached to Dr. James' affidavit as required by OCGA § 9-11-56 (e). While material need not be attached if the affidavit is based upon material that is part of the record and before the court, the affidavit still must specifically identify those documents and failure to do so results in summary judgment. *Williams v. Hajosy*, 210 Ga. App. 637, 638 (2) (436 SE2d 716) (1993); *Augustine v. Frame*, 206 Ga. App. 348, 349 (1) (425 SE2d 296) (1992); *McClure*, supra at 417 (2).[2] These records are not adequately identified in the affidavit, nor does Gor-

---

[2] This is also not a situation where, by deposition or otherwise, the opposing party has acknowledged the accuracy of uncertified medical records. Compare *Paulin v. Okehi*, 264 Ga. 604, 605 (449 SE2d 291) (1994).

ing's brief point them out in the record before us. We will not "cull the record in search of error on behalf of one of the parties. [Cits.]" *Saffar v. Chrysler First &c.*, 215 Ga. App. 239, 240 (1) (450 SE2d 267) (1994).

To the extent that Dr. James' opinion is premised on statements made to her by Goring and others, including Dr. Bullard, it is improperly premised on hearsay and facts not otherwise in the record. *Doctors Hosp. v. Bonner*, 195 Ga. App. 152, 159 (3) (392 SE2d 897) (1990). That Dr. James personally examined Goring two and one-half years after the incident at issue does not save Goring from summary judgment. While an expert's opinion may be premised upon personal knowledge, it must be personal knowledge of the *facts of the case*, of which Dr. James does not claim knowledge other than through hearsay. *Hayes v. Murray*, 252 Ga. 529, 530 (314 SE2d 885) (1984); *Crawford v. Phillips*, 173 Ga. App. 517 (1) (326 SE2d 593) (1985).

3. A grant of summary judgment will be affirmed if it is right for any reason. *Precise v. City of Rossville*, 261 Ga. 210, 211 (403 SE2d 47) (1991); *Malaga Mgmt. Co. v. John Deere Co.*, 208 Ga. App. 764, 767 (5) (431 SE2d 746) (1993).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED DECEMBER 5, 1996 —
RECONSIDERATION DENIED DECEMBER 20, 1996.

*Patricia D. Bernard*, for appellant.
*Sullivan, Hall, Booth & Smith, Timothy H. Bendin, Earnest Redwine*, for appellees.