## A08A0582. McLEOD v. BLASE.
(659 SE2d 727)

ELLINGTON, Judge.

Roshown McLeod filed this professional malpractice action against Walter Blase, a certified athletic trainer; both men were employed by the Atlanta Hawks during the relevant period.[1] The State Court of Cobb County concluded that, as McLeod's fellow servant, Blase is entitled under the Georgia Workers' Compensation Act to immunity from McLeod's tort claim and, accordingly, granted Blase's motion for summary judgment. The trial court rejected McLeod's contention that actions for professional malpractice generally are excepted from the exclusive-remedy provision of the Act and held that the exception is applicable only to physician co-employees sued for medical malpractice. McLeod appeals, and, for the reasons that follow, we affirm.

In order to prevail on a motion for summary judgment under OCGA § 9-11-56,

> the moving party must show that there exists no genuine issue of material fact, and that the undisputed facts, viewed in the light most favorable to the nonmoving party, demand judgment as a matter of law. Moreover, on appeal from the denial or grant of summary judgment the appellate court is to conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Citations and punctuation omitted.) *Benton v. Benton*, 280 Ga. 468, 470 (629 SE2d 204) (2006).

Viewed in the light most favorable to McLeod, the record shows the following undisputed facts. McLeod played basketball for the Atlanta Hawks from 1998 until 2001. McLeod alleges that he was injured in the course of his employment on July 15, 2000, and was subsequently treated by Blase, among others, until the Hawks traded McLeod to another team. During the entire period of treatment, Blase was a certified athletic trainer[2] employed by the Hawks in its "sports

---

[1] McLeod originally filed his action in the State Court of Fulton County and asserted claims against other defendants, in addition to the malpractice claim against Blase. After the Fulton County court dismissed McLeod's claims against all defendants other than Blase (some by consent of the parties), the court transferred the action to the State Court of Cobb County, where Blase resides.

[2] See OCGA § 43-5-1 et seq. (regulation of profession of athletic training).

medicine department." Blase was not a physician.[3] McLeod alleges that Blase negligently treated his injury, and, as a result, McLeod's otherwise-treatable injury became permanent and he is disabled from playing professional basketball.

1. McLeod contends that a judicially-created exception exists to the exclusive remedy provision of the Georgia Workers' Compensation Act that allows an employee who is injured by a fellow employee's professional negligence to bring a professional malpractice action against that fellow employee.

The exclusive remedy provision of the Act provides, in pertinent part, "[t]he rights and the remedies granted to an employee by [the Act] shall exclude all other rights and remedies of such employee . . . on account of such injury, loss of service, or death." OCGA § 34-9-11 (a).

> The rationale for this exclusion is a trade-off or quid pro quo between employer and employee. The employer is insulated from direct common law tort liability in exchange for providing the whole array of workers' compensation benefits to the employee regardless of any negligence involved in any accidental injury. The employee forgoes his common law rights, including claims for pain and suffering, in exchange for this broad workers' compensation coverage.

James B. Hiers, Jr., et al., Georgia Workers' Compensation Law & Practice, § 8-1 (5th ed. 2007 update).[4] The exclusive remedy provision of the Act specifies that an injured employee is not "deprived of any right to bring an action against any third-party tort-feasor," that is, a third party to the employer-employee relationship, but may not bring an action against "an employee of the same employer." OCGA § 34-9-11 (a). Thus, "[w]here the [Act] applies, the exclusive remedy provision not only prevents the injured employee from bringing a tort claim against the employer, but also prevents a tort claim against any co-employees of

---

[3] See Op. Atty. Gen. 84-72 ("licensed athletic trainers may only perform their injury preventive and rehabilitative functions when specific statutory conditions have been met," specifically: "[t]he treatment administered must be on the advice of and with the consent of the team physician, the athletic trainer must be employed by a team other than a high school or elementary school team, and the treatment must be administered to an athlete on that team," citing OCGA § 43-5-1).

[4] See also *Doss v. Food Lion*, 267 Ga. 312, 313 (2) (477 SE2d 577) (1996) ("The exclusivity provision is the bedrock of the workers' compensation system. The legislature has determined that it is the quid pro quo for workers receiving a guarantee of prompt benefits for work-related injuries without regard to fault or common-law defenses and without the delay inherent in tort litigation.").

the same employer." (Citations omitted.) *Crisp Regional Hosp. v. Oliver*, 275 Ga. App. 578, 581 (1) (621 SE2d 554) (2005).[5]

In *Downey v. Bexley*, 253 Ga. 125 (317 SE2d 523) (1984), the Supreme Court of Georgia recognized an exception to the immunity from tort suits conferred by statute upon fellow employees of an injured employee. In *Downey*, the Supreme Court held that "where a professional co-employee is charged with fraud, deceit, and violation of professional trust, he may be held liable in tort for his wrongdoing to an injured co-employee." Id. The Court explained that it reached this result,

> not because of any provision of our Workers' Compensation Act, but because of the unique duty owed others by professional persons like [the defendant, a company physician who operated an employee health clinic]. The primary distinction between a professional service and a purely commercial enterprise is that a profession is a calling which demands adherence to the public interest as the foremost obligation of the practitioner. . . . A professional person is liable for an abuse of the trust reposed in him by the public, provisions of the compensation act notwithstanding.

(Citation and punctuation omitted.) Id. at 125-126.

In a subsequent case, the Court applied the exception in a case for medical malpractice in which there was no allegation of fraud, deceit, or violation of professional trust. *Davis v. Stover*, 258 Ga. 156 (366 SE2d 670) (1988). In *Davis*, another case against a company physician who evaluated and treated employees, the Court held that

> [i]t is not the content and nature of the alleged acts that allow such a tort action; but rather, it is the [company physician's] professional standing that creates a trusting relationship that cannot be breached with impunity. . . . Regardless of the company's policies, a worker expects and trusts his treatment will be made by the doctor's independent professional judgment.

Id. at 157.[6] As the Court explained,

---

[5] See also *Dickey v. Harden*, 202 Ga. App. 645, 645-646 (414 SE2d 924) (1992) (accord); Georgia Workers' Compensation Law & Practice, § 8-2.

[6] See also *Clark v. Williamson*, 206 Ga. App. 329, 331 (1) (425 SE2d 311) (1992) ("The non-applicability of co-employee immunity illustrated in [*Downey* and *Davis*] rests on the professional relationship, which raise[s] a unique duty of trust over and above the duties of co-employees."); *Gay v. Greene*, 91 Ga. App. 78, 81 (2) (84 SE2d 847) (1954) (consistent with the

[b]ecause of the relationship between physicians and patients, company physicians cannot use the Workers' Compensation laws as a shield to insulate themselves from individual liability for medical malpractice claims. The Workers' Compensation laws were not intended to be a grant of immunity from professional malpractice actions."

Id.[7]

Although there is language in *Downey* and *Davis* that suggests that the exception to fellow-servant or co-employee immunity could apply to other "professionals" in addition to physicians, the exception has thus far been applied only where an injured employee brings a medical malpractice action against a company physician. *Davis v. Stover*, 258 Ga. at 157; *Downey v. Bexley*, 253 Ga. at 125-126.[8] These cases do not provide binding authority for allowing McLeod's professional malpractice action against Blase, a co-employee whose alleged negligence was in his professional capacity as a certified athletic trainer.[9] We find no authority for concluding that the exception automatically applies whenever a defendant co-employee is a professional who is subject to the authority of a professional licensing board. See Title 43, the Georgia Professions and Businesses Code. We also find no authority for concluding that certified athletic trainers are, like physicians, classified as professionals whose "foremost obligation" is "adherence to the public interest"[10] and whose professional status "raise[s] a unique duty of trust over and above the duties of

---

Act, an injured employee could bring suit against an independent contractor physician because a doctor's "liability arises from the doctor-patient relationship with the [injured employee], and not from an employer-employee relationship").

[7] See "Right to Maintain Malpractice Suit Against Injured Employee's Attending Physician Notwithstanding Receipt of Workmen's Compensation Award," 28 ALR3d 1066, §§ 5, 10 (discussing when a physician is entitled to co-employee immunity).

[8] See *Clark v. Williamson*, 206 Ga. App. at 331-332 (1) (exclusive remedy provision of the Act barred a wrongful death suit by the widow of a fatally injured sheriff's deputy against a fellow employee; although the other employee "occupied a position of public trust generally as a professional law enforcement officer," he owed no unique duty of trust to his fellow deputy); *Wall v. Phillips*, 210 Ga. App. 490, 491-492 (436 SE2d 517) (1993) (exclusive remedy provision of the Act barred an injured employee's ordinary negligence claim against a plant nurse). Cf. *Drury v. VPS Case Mgmt. Svcs.*, 200 Ga. App. 540 (408 SE2d 809) (1991) (physical precedent only) (exclusive remedy provision of the Act did not bar an injured employee's malpractice suit against a provider of vocational rehabilitation services where the provider was neither an alter ego of the employer nor an employee).

[9] See *Ga. Physical Therapy v. McCullough*, 219 Ga. App. 744, 745 (466 SE2d 635) (1995) (although certified athletic trainers are not among the professionals to whom OCGA § 9-11-9.1 expressly applies, they may be sued for professional malpractice where a client's claims arise out of treatment the trainer renders in the exercise of his professional skill and judgment, and, accordingly, OCGA § 9-11-9.1 requires that a complaint against a trainer alleging professional malpractice must be accompanied by an expert affidavit in accordance with the Code section).

[10] (Citation and punctuation omitted.) *Downey v. Bexley*, 253 Ga. at 126.

co-employees."[11] To allow McLeod's suit against Blase would substantially restrict the scope of the exclusive remedy provision of the Act. The trial court did not err in declining to apply the *Downey* and *Davis* exception to certified athletic trainers.

2. McLeod contends that the trial court erred in concluding that his claim against Blase does not constitute a claim for medical malpractice. Pretermitting whether McLeod's claim against Blase is a claim for medical malpractice within the embrace of OCGA § 9-3-70 et seq. (limitation period for medical malpractice actions), we have concluded that the *Downey* and *Davis* exception to fellow-servant tort immunity under the Act does not apply to actions against certified athletic trainers. See Division 1, supra. While the applicability of OCGA § 9-3-70 turns on the content and nature of the alleged acts, and those acts may, as McLeod argues, be performed by persons other than physicians,[12] the applicability of *Downey* and *Davis* turns on a professional relationship such as a doctor-patient relationship which raises a unique duty of trust over and above the duties of co-employees. *Davis v. Stover*, 258 Ga. at 157; *Downey v. Bexley*, 253 Ga. at 125-126. There is no controlling authority for the premise that an employee injured as a result of medical malpractice may, consistent with the exclusive remedy provision of the Act, bring a medical malpractice action against a certified athletic trainer.

Based on the foregoing, the trial court correctly granted Blase's motion for summary judgment.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED MARCH 18, 2008.

*Devlin & Robinson, Jacob S. Eby, Earnest Redwine, Chrisna D. Jones*, for appellant.

---

[11] *Clark v. Williamson*, 206 Ga. App. at 331 (1).

[12] As set out in OCGA § 9-3-70,

the term "action for medical malpractice" means any claim for damages resulting from the death of or injury to any person arising out of:

(1) Health, medical, dental, or surgical service, diagnosis, prescription, treatment, or care rendered by a person authorized by law to perform such service or by any person acting under the supervision and control of the lawfully authorized person; or

(2) Care or service rendered by any public or private hospital, nursing home, clinic, hospital authority, facility, or institution, or by any officer, agent, or employee thereof acting within the scope of his employment.

*Swift, Currie, McGhee & Hiers, Bradley S. Wolff, Scott M. Williamson,* for appellee.