## A10A0359. TEASLEY et al. v. FREEMAN et al.

(699 SE2d 39)

DOYLE, Judge.

After her husband, Sergeant Hoyt Teasley of the Fulton County Sheriff's Department, was shot and killed by Brian Nichols, Deborah Teasley sued Fulton County Sheriff Myron Freeman; Deputies Chelisa Lee, Gary Reid, Lucious Johnson, Alphonso Wright, Twantta Clerk-Mathis, Jerome Dowdell, Paul Tamer, and Grantley White; the Fulton County Sheriff's Office; the Fulton County Board of Commissioners; and APA Security, Inc.[1] The trial court ultimately dismissed the suit on the ground that it was barred by the exclusive remedy provision of the Workers' Compensation Act. Deborah Teasley filed this appeal contending that the trial court erred by ruling that (1) Sheriff Freeman was Sergeant Teasley's employer for purposes of the Act, and (2) no unique duty was owed to Sergeant Teasley that rendered inapplicable the Act's exclusive remedy provision.[2] For the reasons that follow, we affirm.

The case arises from the events of March 11, 2005, when Brian Nichols escaped from the custody of Fulton County deputies at the Fulton County Courthouse. For the purposes of this appeal, the material facts are undisputed and essentially the same as those

---

[1] APA Security, Inc. is not a party in this appeal.

[2] Appellant's brief enumerates two other related errors but supports them with neither argument nor citation of authority. They are, therefore, deemed abandoned. See Court of Appeals Rule 25 (c) (2). See Brown v. State, 302 Ga. App. 272, 274-275 (690 SE2d 907) (2010).

summarized in other cases arising from the same events.[3] In this case, the injuries allegedly arose when Nichols shot and killed Sergeant Teasley after he pursued Nichols out of the courthouse and engaged Nichols on the street. Deborah Teasley, Sergeant Teasley's surviving spouse, filed suit on behalf of herself, their minor children, and Sergeant Teasley's estate, seeking compensatory and punitive damages for wrongful death, emotional distress, and loss of consortium. Following limited discovery and other pretrial rulings by the trial court not challenged here, the plaintiff's claims were dismissed, giving rise to this appeal.[4]

Because the dismissal was premised only on the resolution of legal issues, we conduct a de novo review of those issues, construing the complaint's factual allegations in favor of the plaintiff.[5]

1. Teasley contends that the trial court erred by ruling that Sheriff Freeman was Sergeant Teasley's employer for purposes of the Workers' Compensation Act. We disagree.

Under the Act,

> [t]he rights and the remedies granted to an employee by [the Act] shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents, or next of kin, at common law or otherwise, on account of such injury, loss of service, or death; provided, however, that no employee shall be deprived of any right to bring an action against any third-party tort-feasor, other than an employee of the same employer. . . .[6]

Therefore, where the Act applies, "it provides the employee's exclusive remedy against his employer"[7] and precludes recovery on a tort claim by an injured employee against his employer.[8]

In prior opinions addressing the same background events, this Court has held that (i) Sheriff Freeman was not a *county employee* for workers' compensation purposes,[9] and (ii) Sheriff Freeman was not a

---

[3] See, e.g., *Dowdell v. Wilhelm*, 305 Ga. App. 102 (699 SE2d 30) (2010); *Clarke v. Freeman*, 302 Ga. App. 831 (692 SE2d 80) (2010).

[4] The trial court also ruled that the Fireman's Rule barred any negligence claims not based on wilful or intentional acts. That ruling is not challenged here.

[5] See *Hedquist v. Merrill Lynch &c., Inc.*, 284 Ga. App. 387 (643 SE2d 864) (2007).

[6] OCGA § 34-9-11 (a).

[7] (Punctuation omitted.) *Clark v. Williamson*, 206 Ga. App. 329, 331 (1) (425 SE2d 311) (1992).

[8] See *Crisp Regional Hosp. v. Oliver*, 275 Ga. App. 578, 581 (1) (621 SE2d 554) (2005).

[9] See *Freeman v. Brandau*, 292 Ga. App. 300, 301-302 (1) (664 SE2d 299) (2008). This ruling was based in part on the fact that Sheriff Freeman did not demonstrate that Fulton County had passed a resolution treating the sheriff as an employee under the Act, a fact not disputed here.

*state employee* for workers' compensation purposes.[10] These conclusions were based in large part on the fact that sheriffs are defined in the Georgia Constitution as elected "county officers."[11] With respect to the relationship between a sheriff and his deputies, however, neither opinion addressed whether a sheriff is considered his deputy's employer for purposes of the Act.

The Act defines "employer" to include "the State of Georgia and all departments, instrumentalities, and authorities thereof; [and] *each county within the state, . . .*"[12] While the definition does not specifically enumerate what aspects of a "county" are included, it is logical in this context that a sheriff would be deemed a deputy's employer by virtue of (i) his status as a county officer, and (ii) the Act's treatment of counties as employers.

> [A]s a county officer, the sheriff's budget and accounts are subject to the authority of the county commission, which can amend or change estimates of required expenditures presented by the county officer. The county commission has the power to cut the budget of an elected constitutional county officer. . . .[13]

Thus, it is self-evident that a sheriff is not an entity entirely separate from the county for all purposes, rather he is an elected officer operating within the framework of a county as composed by the Constitution and relevant statutes.[14] The General Assembly has made clear its intent that the Act "shall be liberally construed only for the purpose of *bringing employers and employees within the provisions of [the Act] and to provide protection for both.*"[15] Giving effect to this directive, we can only conclude that a sheriff, as a county officer, is his deputy's employer for purposes of the Act.

This is consistent with the fact that deputies are clearly *employees* under the Act, which defines employee to include "*employees of elected salaried county officials. . . .*"[16] It is nonsensical to conclude that a

---

[10] See *Freeman v. Barnes*, 282 Ga. App. 895, 899-900 (2) (640 SE2d 611) (2006).

[11] Ga. Const. of 1983, Art. IX, Sec. I, Par. III (a). See *Brandau*, 292 Ga. App. at 301 (1); *Barnes*, 282 Ga. App. at 899 (2); *Nichols v. Prather*, 286 Ga. App. 889, 892 (1) (650 SE2d 380) (2007) ("The Georgia Constitution specifically states that sheriffs are 'county officers' who are elected by the voters of their respective counties. . . .").

[12] (Emphasis supplied.) OCGA § 34-9-1 (3).

[13] (Citation omitted.) *Bd. of Commrs. of Dougherty County v. Saba*, 278 Ga. 176, 177 (1) (598 SE2d 437) (2004).

[14] See Ga. Const. of 1983, Art. IX, Sec. I, Par. I.

[15] (Emphasis supplied.) OCGA § 34-9-23.

[16] (Emphasis supplied.) OCGA § 34-9-1 (2). The Act also explicitly includes "county employees" in the definition of "employee," and its separate treatment of both merely reflects

4

deputy is a sheriff's employee under the Act, but a sheriff is not his deputy's employer under the Act.[17]

Furthermore, as pointed out by the trial court, our statutory and case law consistently treat sheriffs as the employer of their deputies.[18] Sheriffs alone are authorized to appoint and discharge their deputies,[19] deputies serve as the sheriff's agent,[20] and deputies have no duties other than those of the sheriff.[21] Thus, courts have held that "deputy sheriffs are deemed *employees of the sheriff*, not the county"[22] for vicarious liability purposes. In the same sense, a sheriff is the employer of his deputies.[23]

We are cognizant that certain cases make a distinction between the sheriff and the county for certain purposes, but those cases do not conflict with our conclusion that a sheriff is part of the county as an employer under the Act. The cases deal with questions of whether a county commission controls the sheriff's execution of his duties (it does not),[24] or whether the county, as opposed to the sheriff, is responsible for the acts of a sheriff's deputy (it is not).[25] In making

the fact that sheriffs employ their own deputies, as do other county officials. See OCGA § 15-16-23 (sheriff's authority to appoint deputies); *Thomas v. Lee*, 286 Ga. 860, 862-863 (691 SE2d 845) (2010) (solicitor-general "is an elected county officer who had the statutory authority to hire [her assistant] and define her duties and responsibilities" under OCGA § 15-18-71). Further, treating both "county employees" and "employees of elected salaried county officials" as employees under the Act is consistent with an intention to treat both counties and county officials as employers.

[17] See generally *Trawick Constr. Co. v. Ga. Dept. of Revenue*, 286 Ga. 597, 599 (690 SE2d 601) (2010) (favoring a statutory construction that is consistent with the express policy of the statute and "does not produce contradictory or absurd results").

[18] See *Barnes*, 282 Ga. App. at 895 (3); *Keener v. Kimble*, 170 Ga. App. 674, 675 (1) (317 SE2d 900) (1984).

[19] See OCGA § 15-16-23.

[20] See *Wayne County v. Herrin*, 210 Ga. App. 747, 751 (3) (437 SE2d 793) (1993) (noting also that a sheriff's authority to appoint and discharge deputies may be subject to the process established in a county's duly created civil service system adopted by a sheriff pursuant to OCGA § 36-1-21).

[21] See id.

[22] (Emphasis supplied.) *Brown v. Dorsey*, 276 Ga. App. 851, 856 (1) (625 SE2d 16) (2005) (addressing a 42 USC § 1983 claim). See also *Lowe v. Jones County*, 231 Ga. App. 372, 373 (2) (499 SE2d 348) (1998) (addressing a vicarious liability claim).

[23] See generally *Burt v. Underwood*, 258 Ga. 207 (367 SE2d 230) (1988) (recognizing tort principles when determining who qualifies as a co-employee under the Act); *Farmer v. Ryder Truck Lines*, 245 Ga. 734, 737, n. 2 (266 SE2d 922) (1980) (recognizing the relationship of tort law to the determination of who is an employee under the Act). See also *Bradshaw v. Glass*, 252 Ga. 429, 431 (314 SE2d 233) (1984) ("As a general matter, a workers' compensation statutory scheme covers employers and employees who occupy vis-à-vis one another a common-law master-servant relationship.").

[24] See *Brown*, 276 Ga. App. at 856 (1). See also *Nichols*, 286 Ga. App. at 892 (1) ("sheriffs are elected constitutional officers, not employees of county commissions, and, therefore, counties lack control over their respective sheriffs' departments and have no authority to alter the departments' policies, even if those policies are unconstitutional").

[25] See *Brown*, 276 Ga. App. at 856 (1); *Lowe*, 231 Ga. App. at 373 (2).

those distinctions, the holdings are entirely consistent with the notion that a sheriff is the employer of his deputies, and they are not fatal to our conclusion that a sheriff, as an elected county officer, is nevertheless a part of the county under a liberal construction of the Act.[26] In essence, a sheriff is separate from the county for purposes of directing the work of his deputies, but this does not change the fact that sheriffs are *county* officers. Therefore, in light of the constitutional, statutory, and common law framework, we conclude that sheriffs, as county officers, fall within the definition of "employer" for purposes of the Act.

2. Teasley also contends that the Act does not apply to this scenario because a sheriff and his deputies have a special duty to other deputies that renders the Act inapplicable. We disagree.

Teasley relies on *Downey v. Bexley*,[27] which created an exception to the exclusive remedy provision in the Act and held as follows:

> [W]here a professional co-employee is charged with fraud, deceit, and violation of professional trust, he may be held liable in tort for his wrongdoing to an injured co-employee. We reach this result not because of any provision of our Workers' Compensation Act, but because of the unique duty owed others by professional persons like [a physician].[28]

However, that case and its reasoning apply to cases of professional malpractice in the context of a fiduciary duty, and in practice it has only been applied to the relationship between physician and patient.[29]

By contrast, in *Clark v. Williamson*,[30] this Court addressed a *Downey* argument in the context of a deputy injured by another and explicitly held that a deputy's superior officer within the sheriff's office did not owe a unique duty to an injured subordinate deputy that would render inapplicable the Act's exclusive remedy provision:

> [The superior officer] occupied a position of public trust generally as a professional law enforcement officer, but the rationale of *Davis* and *Downey* is limited to malpractice actions. It does not extend to his relationship, which was

---

[26] Compare *Gilbert v. Richardson*, 264 Ga. 744, 754 (452 SE2d 476) (1994) (*sheriff* is subject to *county's* waiver of sovereign immunity). *Nichols*, 286 Ga. App. at 893 (1) ("county officers are paid solely and exclusively from county treasuries, and each county commission funds its respective sheriff's department").

[27] 253 Ga. 125 (317 SE2d 523) (1984).

[28] Id. at 125-126.

[29] See, e.g., *Davis v. Stover*, 258 Ga. 156, 156-157 (366 SE2d 670) (1988).

[30] 206 Ga. App. 329 (425 SE2d 311) (1992).

not an individual and particular fiduciary one, to his subordinate officer. He owed no unique duty to [the plaintiff, a subordinate deputy]. The legislative intent of OCGA § 34-9-11 is clear. This provision has been interpreted consistently to mean that, where the workers' compensation law is applicable, it provides the employee's exclusive remedy against his employer.[31]

We find this analysis persuasive here, thus the trial court did not err in dismissing the plaintiff's claims on the basis that the Workers' Compensation Act provided her exclusive remedy.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 28, 2010.

*Stephenson Reynolds, Pamela S. Stephenson, Lynn H. Whatley, James E. Voyles*, for appellants.

*Cruser & Mitchell, William T. Mitchell, Karen E. Woodward, Freeman, Mathis & Gary, Theodore Freeman, Sun S. Choy, Paul I. Hotchkiss, Williams, Morris & Waymire, Terry E. Williams, Insley & Race, Tiffany C. Sellers, Robert D. Ware, Steven E. Rosenberg*, for appellees.

---

[31] (Punctuation omitted.) Id. at 331 (1).

